UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

               Plaintiff,

      v.

FRESH DIRECT LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:14-cv-5101

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1.      Plaintiff Keith Thomas ("Thomas") alleges on behalf of himself and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), for their willful violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*, which is a Federal statute.

3.      Venue is proper in this district under 28 U.S.C. §1391(b).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Thomas was, at all relevant times, an adult individual, residing in Roosevelt, New York, Nassau County.

6.     Upon information and belief, Defendant Fresh Direct LLC ("Fresh Direct") is a limited liability company, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

7.     Upon information and belief, Defendant U.T.F. Trucking, Inc. ("U.T.F. Trucking") is a corporation, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

8.     Upon information and belief, Defendant Fresh Direct Holdings, Inc. ("Fresh Direct Holdings") is a corporation, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

<u>NATURE OF ACTION</u>

9.     The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and it protects both employees and applicants for employment from adverse employment action taken as a result of potentially inaccurate information.  Under the FCRA, employers who seek to obtain and use the consumer reports of their employees and applicants are required to provide explicit disclosures and information prior to obtaining consumer reports and prior to taking any adverse employment action against them.

10.    Pertaining to employment-related background checks, the FCRA provides that a prospective employee must give a valid consent to the background check.  The

FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. No extraneous information can be attached or included on the consent form. The authorization and disclosure must standalone.

11.     The FCRA declares:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . .

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, <u>in a document that consists solely of the disclosure</u>, that a consumer report may be obtained for employment purposes . . . .

> 15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

12.     The FCRA defines a consumer report:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .

> (B) employment purposes . . . .

> 15 U.S.C. § 1681a(d)(1).

13.     Violating 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants have unlawfully inserted a liability release provision into forms purporting to grant Defendants the authority to obtain and use consumer report information for employment purposes. The FCRA prohibits this practice and requires forms granting the authority to access and use

consumer report information for employment purposes to be standalone forms, and not include any additional information or agreements.  Defendants' decision to include liability release provisions in their authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC"), which states "The inclusion of such a [liability] waiver in a disclosure form will violate . . . the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998).

14.     Violating 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants have unlawfully inserted extraneous information into the disclosure and the disclosure is not a standalone document but is, instead, at the bottom half of the last page of the employment application.

STATEMENT OF FACTS

Facts Common to All Parties

15.     Fresh Direct operates as an online food and grocery retailer in the State of New York, which sells and delivers fruits, vegetables, meat, seafood, deli and cheese products, dairy products, meals, ready to cook products, breads, heat and eat products, and bakery products.

16.     Fresh Direct Holdings wholly owns, directly or indirectly, Defendants Fresh Direct and U.T.F. Trucking.

17.     Both Fresh Direct and U.T.F. Trucking operate out of the same premises, use the same computer and telephone systems, are covered by the same insurance policies, and otherwise function as one in their day-to-day operations.

18.     The trucks of Fresh Direct and U.T.F. Trucking bear a "Fresh Direct" logo and their employees wear uniforms with a "Fresh Direct" logo, and identify themselves as "Fresh Direct" employees when making deliveries.

19.     Fresh Direct and U.T.F. Trucking's employees use the same employee manual, and the same hiring, payroll change and evaluation forms.

20.     Fresh Direct and U.T.F. Trucking's applicants complete the same online employment application that lists the company as "Fresh Direct" and is accessed via Fresh Direct's website: www.freshdirect.com.

21.     Fresh Direct's personnel process the payroll for Fresh Direct and U.T.F. Trucking, and provide human resources, employee benefits, customer services, and accounting services for both companies.

22.     U.T.F. Trucking employees are required to follow orders Fresh Direct managers give.

23.     Fresh Direct is the owner of the food and groceries that U.T.F. Trucking transports.

24.     Fresh Direct's primary business is the grocery business.

25.     U.T.F. Trucking's primary business is to transport Fresh Direct's food and groceries.

26.     Fresh Direct Holdings, Fresh Direct and U.T.F. Trucking constitute a single integrated enterprise.

27.     During its online job application process, Defendants ask applicants to acknowledge and electronically agree to the following section:

PLEASE READ CAREFULLY BEFORE ACCEPTING

I certify that the information on this form is true and correct to the best of my knowledge.  I understand that willfully withholding information or making false statements in this application may be used as the basis for dismissal.  I authorize any and all former employers and any other person, institution or agency to furnish to FreshDirect Inc., or any agent acting on its behalf, information they may have concerning my employment, character, ability, or general reputation and I release all parties involved from any liability and responsibility for doing so. Your employment with FreshDirect will be according to the terms and conditions described in FreshDirect's employee handbook and employee certification. Employment is also conditioned on a satisfactory pre-employment drug screening. I also understand that my employment is "at will" which means that FreshDirect, Inc. or I may terminate my employment at any time, with or without cause or notice.

I understand that this application remains current for only 30 days.  At the conclusion of that time, if I have not heard from the employer and still wish to be considered for employment, it will be necessary for me to reapply and fill out a new application.  I understand that FreshDirect reserves the right to change its policies, procedures and practices at any time, with or without notice, no matter what is stated in any other document or orally.

*See* Exhibit A.

28.     To complete their online employment application, Defendants require applicants to signify their agreement to the terms and disclosures outlined above by clicking "I Accept."

29.     Defendants' disclosure is also found in the same section of the application as:

     (i)     An authorization that the applicant understands the consequences of providing untrue information;

     (ii)    An authorization that information concerning previous employment can be released;

(iii)    An authorization for drug screening;

(iv)    An indication of understanding as to Defendants' policies, rules, benefit plans, and procedures;

(v)    An indication of understanding the applicant's at-will employment status; and

(vi)    An indication of understanding that their employment application is valid for only thirty days.

*See* Exhibit A.

30.    In addition to the disclosure containing this extraneous information, it contains a liability release.

31.    This disclosure is physically not a standalone document.  It is, instead, at the bottom of the same page of the employment application where applicants list their educational background.

32.    At no point during the application, interview and orientation process do Defendants provide applicants with a standalone disclosure form.

33.    As each and every person completing Defendants' online application is faced with the same prompt, thousands of people (if not more) have had their disclosure rights under the FCRA willfully violated.  Defendants do not use the term consumer report; make reference to items contained within a consumer report; otherwise inform its applicants that it may seek personal information from a consumer reporting agency; the disclosure is on the same page of the employment application where applications list their educational background; the disclosure contains a wealth of extraneous information beyond just the disclosure and authorization; and the disclosure contains a liability release.

34.    Such a disclosure – combined with a plethora of other information – violates 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirement that Defendants provide notice to applicants and employees in a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure."

35.    Defendants' violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for the following reasons:

(i)    the rule the FCRA disclosures be "clear and conspicuous" and part of a document consistently "solely" of that disclosure has been the established law for over a decade;

(ii)    Defendants are a large corporation with in-house counsel and regularly engages outside counsel and therefore had ample means and opportunity to seek legal advice regarding their FCRA responsibilities;

(iii)    Clear judicial and administrative guidance - going back more than a decade – regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone.  This readily-available guidance means Defendants were aware of their responsibilities or should have been aware of their responsibilities but ignored them and violated the FCRA anyway; and

(iv)    Defendants repeatedly violated the FCRA by requiring each applicant to acknowledge the same unlawful disclosure and then obtaining consumer reports for these applicants, such as Thomas.

36.    Defendants have willfully violated the FCRA by failing to provide standalone up-front notice that Defendants may procure consumer reports about their applicants and employees.

37.     As a result of Defendants' willful violations of the Act, job seekers, such as Plaintiff Thomas, and employees are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. §§ 1681n(a)(1)(A).

Facts Relating to Thomas

38.     Plaintiff Thomas submitted an online job application with Defendants in or around September 2012, and Defendants subsequently employed him from October 2012 to May 2014 as a helper who would deliver groceries to Fresh Direct customers in Queens.

39.     On his application, Thomas was required to and did disclose information about him and his work history.

40.     To complete his employment application, Thomas was required to signify his agreement to the terms and conditions of the disclosure by clicking the "I Accept" button located at the bottom of the page. *See* Ex. A.

41.     Thomas clicked on the "I Accept" button and submitted his application.

42.     Shortly thereafter, Defendants contacted Thomas and he was asked to come in for an interview.

43.     Defendants did not provide Thomas with a standalone disclosure form either before, during or after the interview.

44.     Defendants obtain consumer reports about applicants, including Thomas, at approximately the same time they require them to come in for their interview.

45.     On information and belief, Defendants caused a consumer report about Thomas to be procured as part of his application and interview process.

46.     On or about July 16, 2014, Thomas, through his attorneys, sent a letter to Defendants' Director of Human Resources requesting a copy of any background report procured in relation to him.   As of the Complaint's filing date, Defendants have not provided the report.

47.     Because of the unlawful disclosure found in the online application that Thomas completed, Defendants have willfully denied Thomas the rights the FCRA guarantees him.   Such a denial entitles them to statutory damages of not less than $100 and not more than $1,000.

CLASS ALLEGATIONS

48.     Plaintiff Thomas sues on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> Disclosure Class:   All persons in the United States who applied for employment with Defendants on or after August 27, 2009 for whom Defendants procured a consumer report for employment purposes without first providing the employee or prospective employee with a clear and conspicuous disclosure in a stand-alone document consisting solely of the disclosure.

49.     The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, more than three hundred (300) Rule 23 Class Members exist during the Class Period.

50.     Plaintiff Thomas' claim is typical of the claims of the Disclosure Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation

where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

51.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52.    Plaintiff Thomas is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

53.    Plaintiff Thomas has the same interest in this matter as all other members of the class and Plaintiff Thomas' claims are typical of the Disclosure Class.

54.    Common questions of law and fact exist as to the Disclosure Class that predominate over any questions solely affecting the individual Disclosure Class Members, including but not limited to:

a.    whether Defendants employed Plaintiff Thomas and the Disclosure Class Members within the meaning of the FCRA;

b.    whether Defendants' conduct violated the FCRA;

c.    whether Defendants have procured or caused to be procured consumer reports to investigate prospective employees;

d.    whether Defendants have willfully failed to provide Disclosure Class Members with their legally-protected rights related to consumer report disclosures;

e.    whether Defendant willfully violated the FCRA by failing to provide applicants with clear and conspicuous notice that it may obtain a consumer report for the applicants.

f.     whether Defendants willfully violated the FCRA by failing to provide their FCRA disclosures in a document that consists solely of the disclosures; and

g.     the proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

<u>FIRST CAUSE OF ACTION</u>

Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
(Brought on Behalf of Plaintiff Thomas and the Disclosure Class Members)

55.     Plaintiff Thomas repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

56.     The consumer report disclosure that Defendants provided to Plaintiff Thomas and the Disclosure Class Members as part of the application process willfully violates the FCRA in numerous, fundamental ways.

57.     The consumer report disclosure requires the applicant to authorize, confirm, and/or certify several matters that are extraneous to any authorization related to Defendants procurement of a consumer report, contains a liability release, and is located on the same page of the employment application where applicants list their educational background.

58.     The disclosure does not therefore standalone or consist solely of the disclosure that Defendants may obtain a consumer report and accompanying authorization, violating 15 U.S.C. § 1681b(b)(2)(A) of the FCRA.

59.     Defendants procure consumer reports with respect to their job applicants, including, on information and belief, with respect to Plaintiff Thomas.

60.     Defendants' violations of 15 U.S.C. § 1681b(b)(2)(A)(i) were willful.

61.     Plaintiff Thomas and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendants' willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

62.     Accordingly, under the FCRA, Plaintiff Thomas and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendants' conduct is unlawful.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Thomas, on behalf of himself and the Disclosure Class Members, respectfully requests this Court grant the following relief:

a.      Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Disclosure Class Members and appointing Plaintiff Thomas and his counsel to represent the Class Members;

b.      An award of statutory damages in Counts I in the amount of $1,000 for each violation;

c.      An injunction requiring Defendants to provide proper disclosures and information as required under 15 U.S.C. §§ 1681b(b)(2);

d.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Thomas demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
      August 27, 2014

                    BRONSON LIPSKY LLP

                    Douglas Lipsky (DL-9372)
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Phone:  212.392.4772
                    Fax:  212.444.1030
                    dl@bronsonlipsky.com

                    Jeffrey M. Gottlieb (JG-7905)
                    nyjg@aol.com
                    Dana L. Gottlieb (DG-6151)
                    danalgottlieb@aol.com
                    GOTTLIEB & ASSOCIATES
                    150 East 18th Street, Suite PHR
                    New York, New York 10003
                    Phone:  212.228.9795
                    Fax:  212.982.6284

                    *Attorneys for Plaintiff Thomas*

# EXHIBIT A



SEARCH _____ FIND

Fruit Vegetables Meat Seafood Deli Cheese Dairy

4-Minute Meals Ready To Cook Heat & Eat Bakery Catering

What's Good Organic Local Kosher Flowers Pet

Pasta Coffee Grocery Health & Beauty Buy Big Frozen Wine

## Packaging Manager – Food Production

| | | | |
|---|---|---|---|
| **Job ID** | 2013-1968 | **# Positions** | 1 |
| **Location** | US-NY-Long Island City | **Experience (Years)** | .. |
| **Category** | HMR - Kitchen | | |

**Options :**

[ Apply for this job online ]

[ Refer a friend to this job ]

More information about this job:

**Overview:**

Position Summary:
Manage packaging operations for the prepared meals area for the large scale production on a 7 day operation commercial-type basis. Work is performed according to specific NYSDOH and FD policies and procedures in producing and packaging food according to standardized recipes and procedures, including but not limited to supervising and training. Oversee 3 supervisors and about 50-60 employees.

**Responsibilities:**

Essential Functions:

- Manage all aspects of daily operation in preparation, assembly and packaging.
- Maintain clean, safe and organized work environment.
  - Staff management including but not limited to hiring, training, scheduling, grievances, mentoring and disciplinary functions
  - Oversee operation of various kitchen & packaging equipment and coordination of trouble shooting on equipment.
  - Ownership of quality control, productivity, workflow, packaging logs and process improvements.
  - Performs all duties in accordance with personnel and company policies, safety policies and procedures, HACCP, GMP and SSOP's.
  - Review performance data, goal achievement and guide appropriate actions and projects
  - Reports all issues that occur daily to the appropriate manager in a timely manner.
  - Team and employee related tasks as needed.

**Qualifications:**

Qualifications:

- Good communication skills, respectfully in interactions with staff, peers and supervisors
- Strong organizational and multi tasking skills in a fast paced environment
- 5-8 years of food production in a supervisory position required
- Previous packaging, culinary production or catering a must
- Working knowledge of HACCP & GMP's a must
- USDA food manufacturing experience a plus
- Ability to read and interpret written information, knowledge or ability to learn tasks related to work on PC in SAP, MS office and other software
- Demonstrates follow through, accuracy in tasks and objectives
- Ability to motivate, lead and train staff and supervisors
- Knowledge of food preparation and presentation methods, techniques, and quality standards.
- Ability to monitor and/or maintain quality control standards.
- Knowledge of organizational structure, workflow, and operating procedures.
- NYC Food Protection Certificate or equivalent a big plus
- Bilingual English / Spanish a plus

FreshDirect

• Bilingual English / Spanish a plus

<u>Working Environment</u>

• Ability to work on in temperatures averaging 38-40F
• Must be able to be on your feet for extended periods of time
• Ability to lift 40 pounds or above
• Ability to adapt to a diverse work force in a fast paced environment

<u>Working Schedule</u>

• Must be able to be flexible with hours, including weekend, evening shifts and possible over night
• Full-time position, 10h/day and 5 days a week or as required

**Disclaimer:** The above statements are intended to describe the general nature and level of work being performed by the Teammember(s) assigned to this position. They are not intended to be an exhaustive list of all responsibilities, duties, and skills required of individuals in this position. Position Descriptions may be subject to change as the needs of the organization changes.
As **EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYERS,** Fresh Direct, LLC and its affiliates do not discriminate against applicants or employees because of their race, color, citizenship status, national origin, ancestry, gender (except where gender is a bonafide occupational qualification), disability, sexual orientation, age, religion, creed, marital status, veteran status, domestic violence victim status, political affiliation, or any other factor protected by federal, state, or local law.

 Go back to the welcome page

Need further assistance?

powered by

**i**CIMS®

Applicant Tracking Software

About Us    Food Safety    Careers    At The Office    Recipes    MYFD    Gift Cards    New Products

Like  80k    **Follow**    8+1  735    📱 Our Mobile Apps    👤 At The Office    **Home  |  Your Account  |  Help/FAQ  |  Contact Us**

© 2002 – 2014 Fresh Direct, LLC. All Rights Reserved.

Privacy Policy  |  Customer Agreement  |  A note on images for AOL users



GET HELP

YOUR ACCOUNT

COUPON SAVINGS

QUICK SHOP

DELIVERY INFO

SEARCH                    (FIND)

Fruit Vegetables Meat Seafood Deli Cheese Dairy
4-Minute Meals Ready To Cook Heat & Eat Bakery Catering
What's Good Organic Local Kosher Flowers Pet
Pasta Coffee Grocery Health & Beauty Buy Big Frozen Wine

## APPLICATION FOR EMPLOYMENT

As an EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER, FreshDirect does not discriminate against applicants or employees because of their age, race, color, religion, national origin, sex (except where sex is a bonafide occupational qualification) or on any other basis prohibited by law. Furthermore, FreshDirect will not discriminate against any applicant or employee because he or she is mentally or physically disabled, a disabled veteran, or a veteran of the Vietnam era, provided he or she is qualified and meets the requirements established by FreshDirect for the job.

**General Information**

Last Name                          First Name                          Middle Name

Address

City                                                State        Zip
                                                    [   ▼]

Home Phone                              Mobile Phone

Are you 18 years of age or older?
○ Yes   ○ No
If no, state your Date of Birth
[   ▼] [   ▼] .

What type of employment are you seeking?
| Full-Time   ▲ |
| Part-Time   |
| Temporary   |
| Seasonal   ▼ |

Have you ever worked for FreshDirect?
○ Yes   ○ No
If Yes, when and where?

Are you currently employed by FreshDirect?

1/5

○ Yes   ○ No
If Yes, does your supervisor know you are applying for this position?
○ Yes   ○ No

Have you ever applied to FreshDirect?
○ Yes   ○ No
if Yes, when and where?

To comply with the Immigration Reform and Control Act of 1986, if you are hired you will be required to provide documents to establish your identify and your authorization to be employed in the United States. Such documents will be required within the first three (3) business days following your hire, or upon your first work day if your employment period will be less than three (3) days.

Date available to work with FreshDirect?
[ ▼ ] [ ▼ ] |

salary expected
[ USD $ ▼ ]   [ Yr. ▼ ]

Have you ever been convicted of a crime (misdemeanor or felony) or offense?
○ Yes   ○ No
If Yes, explain (where, when, charged, sentence)

*Do not include convictions that have been annulled, erased, expunged, vacated, set aside, sealed by a court, or referred to a diversion program.*

*(Disclosure of a criminal record will not necessarily disqualify you for employment. Each conviction will be evaluated on its own merits with respect to time, circumstances and seriousness, in relation to the job for which you are applying).*

---

**Employment Information**
Fill in below a complete, consecutive statement of your business. All time, including periods of unemployment, must be accounted for. If self-employed, show name and address under which business was conducted.

1. Current/Most Recent Company Name

Address

City                                          State              Zip
                                              [ ▼ ]

Position Held

○ Full time                 Type of Business             Phone No.
○ Part time
○ Temp

Employed From          To                Starting Salary              Final Salary
[ ▼ ]              [ ▼ ]           [ USD $ ▼ ] [ Yr. ▼ ]       [ USD $ ▼ ] [ Yr. ▼ ]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

2. Current/Most Recent Company Name

Address

City                                                        State          Zip

Position Held

○ Full time
○ Part time          Type of Business          Phone No.
○ Temp

Employed From          To          Starting Salary          Final Salary
[      ▼]          [      ▼]          USD $ ▼   Yr. ▼          USD $ ▼   Yr. ▼

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

3. Current/Most Recent Company Name

Address

City                                                        State          Zip

Position Held

○ Full time                               Type of Business                    Phone No.
○ Part time
○ Temp

Employed From              To                        Starting Salary              Final Salary
[ ▼ ]                      [ ▼ ]                     [USD $ ▼] [Yr. ▼]           [USD $ ▼] [Yr. ▼]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

4. Current/Most Recent Company Name

Address

City                                           State                        Zip
                                               [ ▼ ]

Position Held

○ Full time                               Type of Business                    Phone No.
○ Part time
○ Temp

Employed From              To                        Starting Salary              Final Salary
[ ▼ ]                      [ ▼ ]                     [USD $ ▼] [Yr. ▼]           [USD $ ▼] [Yr. ▼]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

4/5

FreshDirect

May we contact this employer?
○ Yes    ○ No

---

**Education - Please indicate your most recent education.**

High School Name and Location

| | |
|---|---|

Major field of study | # of yrs completed | Degree

College or Univeristy Name and Location

Major field of study | # of yrs completed | Degree

Please list any additional Education or training you would like us to know about.

---

**PLEASE READ CAREFULLY BEFORE ACCEPTING**

I certify that the information on this form is true and correct to the best of my knowledge. I understand that willfully withholding information or making false statements in this application may be used as the basis for dismissal. I authorize any and all of my former employers and any other person, institution or agency to furnish to FreshDirect Inc., or any agent acting on its behalf, information they may have concerning my employment, character, ability, or general reputation and I release all parties involved from any liability and responsibility for doing so. Your employment with FreshDirect will be according to the terms and conditions described in FreshDirect's employee handbook and employee certification. Employment is also conditioned on a satisfactory pre-employment drug screening. I also understand that my employment is "at will" which means that FreshDirect, Inc. or I may terminate my employment at any time, with or without cause or notice.

I understand that this application remains current for only 30 days. At the conclusion of that time, if I have not heard from the employer and still wish to be considered for employment, it will be necessary for me to reapply and fill out a new application. I understand that FreshDirect reserves the right to change its policies, procedures and practices at any time, with or without notice, no matter what is stated in any other document or orally.

☐ **I Accept**
**(By checking the box above, you are providing your electronic signature.)**

[ Submit ]   [ Submit & Print ]   [ Save & Return Later ]