UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

                        Plaintiff,

          v.

FRESH DIRECT, LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:14-cv-5101 (ARR) (CLP)

FIRST AMENDED CLASS ACTION
COMPLAINT

<u>JURY TRIAL DEMANDED</u>

<u>INTRODUCTION</u>

1.      Plaintiff Keith Thomas ("Thomas") alleges on behalf of himself and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), for their willful violations of the Fair Credit Reporting Act ("FCRA").

<u>JURISDICTION AND VENUE</u>

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*, which is a Federal statute.

3.      Venue is proper in this district under 28 U.S.C. §1391(b).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

5.      Plaintiff Thomas was, at all relevant times, an adult individual, residing in Roosevelt, New York, Nassau County.

6.     Upon information and belief, Defendant Fresh Direct, LLC ("Fresh Direct") is a limited liability company, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

7.     Upon information and belief, Defendant U.T.F. Trucking, Inc. ("U.T.F. Trucking") is a corporation, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

8.     Upon information and belief, Defendant Fresh Direct Holdings, Inc. ("Fresh Direct Holdings") is a corporation, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York with a principal place of business at 23-20 Borden Avenue, Long Island City, New York 11101.

<u>NATURE OF ACTION</u>

9.     The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and it protects both employees and applicants for employment from adverse employment action taken as a result of potentially inaccurate information.  Under the FCRA, employers who seek to obtain and use the consumer reports of their employees and applicants are required to provide explicit disclosures and information prior to obtaining consumer reports and prior to taking any adverse employment action against them.

10.     Pertaining to employment-related background checks, the FCRA provides that a prospective employee must give a valid consent to the background check.  The

FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. No extraneous information can be attached or included on the consent form. The authorization and disclosure must standalone.

      11.    The FCRA declares:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . .
>
> (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, <u>in a document that consists solely of the disclosure</u>, that a consumer report may be obtained for employment purposes; and
>
> (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

      12.    The FCRA defines a consumer report:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1).

      13.    The FTC has provided clear guidance on an employer's ability to combine the authorization and disclosure set forth in the FCRA. It stated that combining the

authorization and disclosure does comply with the FCRA, "[h]owever, such a document should include nothing more than the disclosure and the authorization for obtaining a consumer report." Letter from Cynthia S. Lamb, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard L. Steer (October 21, 1997) (emphasis added).

14.     Less than a year later, the FTC reiterated that an employer "may combine the disclosure and authorization" in one document.  Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998).  In the same Advisory Opinion, the FTC also made clear "The inclusion of such a [liability] waiver in a disclosure form will violate . . . the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *Id.* (emphasis added).

15.     As discussed below, Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by procuring consumer reports on Plaintiff and the putative class members for employment purposes without complying with the stand-alone disclosure and authorization requirements of the statute, violating the FCRA's plain language and the FTC's unambiguous regulatory guidance.

<u>STATEMENT OF FACTS</u>

Facts Common to All Parties

16.     Fresh Direct operates as an online food and grocery retailer in the State of New York, which sells and delivers fruits, vegetables, meat, seafood, deli and cheese products, dairy products, meals, ready to cook products, breads, heat and eat products, and bakery products.

17.    Fresh Direct Holdings wholly owns, directly or indirectly, Defendants Fresh Direct and U.T.F. Trucking.

18.    Both Fresh Direct and U.T.F. Trucking operate out of the same premises, use the same computer and telephone systems, are covered by the same insurance policies, and otherwise function as one in their day-to-day operations.

19.    The trucks of Fresh Direct and U.T.F. Trucking bear a "Fresh Direct" logo and their employees wear uniforms with a "Fresh Direct" logo, and identify themselves as "Fresh Direct" employees when making deliveries.

20.    Fresh Direct and U.T.F. Trucking's employees use the same employee manual, and the same hiring, payroll change and evaluation forms.

21.    Fresh Direct and U.T.F. Trucking's applicants complete the same online employment application that lists the company as "Fresh Direct" and is accessed via Fresh Direct's website:  www.freshdirect.com.

22.    Fresh Direct's personnel process the payroll for Fresh Direct and U.T.F. Trucking, and provide human resources, employee benefits, customer services, and accounting services for both companies.

23.    U.T.F. Trucking employees are required to follow orders Fresh Direct managers give.

24.    Fresh Direct is the owner of the food and groceries that U.T.F. Trucking transports.

25.    Fresh Direct's primary business is the grocery business.

26.    U.T.F. Trucking's primary business is to transport Fresh Direct's food and groceries.

27.     Fresh Direct Holdings, Fresh Direct and U.T.F. Trucking constitute a single integrated enterprise.

28.     During their online job application process, Defendants ask applicants to acknowledge and electronically agree to the following section:

> PLEASE READ CAREFULLY BEFORE ACCEPTING
>
> I certify that the information on this form is true and correct to the best of my knowledge.  I understand that willfully withholding information or making false statements in this application may be used as the basis for dismissal.  I authorize any and all former employers and any other person, institution or agency to furnish to FreshDirect Inc., or any agent acting on its behalf, information they may have concerning my employment, character, ability, or general reputation and I release all parties involved from any liability and responsibility for doing so.  Your employment with FreshDirect will be according to the terms and conditions described in FreshDirect's employee handbook and employee certification. Employment is also conditioned on a satisfactory pre-employment drug screening.  I also understand that my employment is "at will" which means that FreshDirect, Inc. or I may terminate my employment at any time, with or without cause or notice.
>
> I understand that this application remains current for only 30 days.  At the conclusion of that time, if I have not heard from the employer and still wish to be considered for employment, it will be necessary for me to reapply and fill out a new application.  I understand that FreshDirect reserves the right to change its policies, procedures and practices at any time, with or without notice, no matter what is stated in any other document or orally.

*See* Exhibit A.

29.     To complete their online employment application, Defendants require applicants to signify their agreement to the terms and disclosures outlined above by clicking "I Accept."

30.     Defendants relied on the above-referenced disclosure as purportedly granting them the authority to obtain and use consumer report information on job applicants and employees, including Plaintiff Thomas, for employment purposes.

31.     Defendants' disclosure is also found in the same section of the application as:

(i)     An authorization that the applicant understands the consequences of providing untrue information;

(ii)    An authorization that information concerning previous employment can be released;

(iii)   An authorization for drug screening;

(iv)    An indication of understanding Defendants' policies, rules, benefit plans, and procedures;

(v)     An indication of understanding the applicant's at-will employment status; and

(vi)    An indication of understanding that their employment application is valid for only thirty days.

*See* Exhibit A.

32.     In addition to the disclosure containing this extraneous information, it contains a liability release, does not use the term consumer report, does not reference the items contained within a consumer report, does not otherwise inform their applicants that they may seek personal information from a consumer reporting agency, and it is on the same page of the employment application where applications list their educational background.

33.     This disclosure is physically not a stand-alone document.

34.     This disclosure, which is part of the employment application, violates 15 U.S.C. § 1681b(b)(2)(A) in at least two ways: it contains a liability release; and Defendants inserted a plethora of extraneous information into the disclosure and the disclosure is not a stand-alone document but is, instead, at the bottom half of the last page of the employment application.  This disclosure is not "clear and conspicuous disclosure .

. . in a document that consists solely of the disclosure," as 15 U.S.C. §1681b(b)(2)(A)

requires.

35.     Shortly after completing the online employment application, Defendants

also require their applicants to complete and sign a document entitled "Authorization and

Release For The Procurement Of A Consumer And/Or Investigative Consumer Report"

("Authorization and Release").  *See* Exhibit B.

36.     With the Authorization and Release, Defendants require applicants to

agree to the following terms:

> I, the undersigned consumer, do hereby authorize Fresh Direct, LLC by
> and through its independent contractor, Global Consulting, LLC. ("GC")
> and associates, to procure a consumer report and/or investigative
> consumer report on me.
>
> These above reports may include, but are not limited to information as to
> character, general reputation, personal characteristics and mode of living,
> discerned through employment and education verification; personal
> references; personal interviews; my personal credit history based on
> reports from any credit bureau; my driving history, including any traffic
> citations, a social security number verification; present and former
> addresses; criminal and civil history/records; drug screening (hair and/or
> urine (5 and/or 10 panel) any other public record.
>
> I understand that I am entitled to a complete and accurate disclosure of the
> nature and scope of any investigative consumer report of which I am the
> subject upon my written request to "GC", if such is made within a
> reasonable time after the date hereof, I also understand that I may receive
> a written summary of my rights under 15 U.S.C. § 1681 et seq.
>
> I further authorize any person, business or government agency that may
> have information relevant to the above to disclose the same to Fresh
> Direct, LLC.
>
> By and through "GC", including, but not limited to, any and all courts,
> public agencies, law enforcement agencies and credit bureaus, regardless
> of whether such person, business entity or governmental agency compiled
> the information itself or received it from other sources.

I hereby release Fresh Direct, LLC, "GC" and any and all person, business entities and governmental agencies, whether public or private, from any and all liability, claim and/or demands, by me, my heirs or others making such claim or demand, on my behalf, for providing a consumer report and/or investigative consumer report hereby authorized, I understand that this authorization/release form shall remain in effect for the duration of my employment with said company.

Further, I certify that the information contained on this authorization/release form is true and correct and that my application or employment will be terminated based on any false, omitted, or fraudulent information

Exhibit B.

37. Defendants relied on the above-referenced Authorization and Release as purportedly granting them the authority to obtain and use consumer report information on job applicants and employees, including Plaintiff Thomas, for employment purposes.

38. Defendants' Authorization and Release is found on the same document as:

(i) A liability release, under which individuals release Defendants from "any and all liability . . . for providing a consumer report and/or investigative consumer report";

(ii) A certification that the information the individuals provide Defendants are "true and correct" and an understanding as to the consequences of providing false information.

Exhibit B.

39. The Authorization and Release violates 15 U.S.C. § 1681b(b)(2)(A) in two ways: the insertion of the liability release; and requiring individuals to certify the provided information is true and correct.

40. At no point during the application, interview and orientation process do Defendants provide applicants with a stand-alone disclosure form. Neither the disclosure in the employment application nor the Authorization and Release constitute a stand-alone disclosure as 15 U.S.C. § 1681b(b)(2)(A) requires.

41.     As each and every person applying for employment with Defendants completed the same online application and then subsequently completed the same Authorization and Release, thousands of people (if not more) have had their disclosure rights under the FCRA willfully violated.

42.     Defendants' violations of 15 U.S.C. § 1681b(b)(2)(A) were willful for the following reasons:

(i)     The rule the FCRA disclosures be "clear and conspicuous" and part of a document consistently "solely" of that disclosure has been the established law for over a decade;

(ii)    Defendants are comprised of two large corporations and a large LLC, which operate as an integrated enterprise, with in-house counsel and regularly engage outside counsel and therefore had ample means and opportunity to seek legal advice regarding their FCRA responsibilities;

(iii)   Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

(iv)    Clear judicial and administrative guidance - going back more than a decade – regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone.  This readily-available guidance means Defendants were aware of their responsibilities or should have been aware of their responsibilities but ignored them and violated the FCRA anyway; and

(v)     Defendants repeatedly violated the FCRA by requiring each applicant to acknowledge the same unlawful disclosure and to complete the same Authorization and Release and then obtaining consumer reports for these individuals, such as Thomas.

43.     Defendants have willfully violated the FCRA by failing to provide stand-alone up-front notice that Defendants may procure consumer reports about their applicants and employees.

44.     As a result of Defendants' willful violations of the FCRA, job seekers, such as Plaintiff Thomas, and employees are deprived of rights, including privacy rights federal law guarantees them, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation.  *See* 15 U.S.C. §§ 1681n(a)(1)(A).

Facts Relating to Thomas

45.     Plaintiff Thomas submitted an online job application with Defendants in or around September 2012, and Defendants subsequently employed him from October 2012 to May 2014 as a "helper" who would deliver groceries to Fresh Direct customers in Queens, New York.

46.     On his application, Thomas was required to and did disclose information about him and his work history.

47.     To complete his employment application, Thomas was required to signify his agreement to the terms and conditions of the disclosure by clicking the "I Accept" button located at the bottom of the page.  *See* Exhibit A.

48.     Thomas clicked on the "I Accept" button and submitted his application.

49.     Shortly thereafter, Defendants contacted Thomas and he was asked to come in for an interview.

50.     During the interview, Plaintiff Thomas was provided with and completed the Authorization and Release.  *See* Exhibit B.

51.     Defendants did not provide Thomas with a stand-alone disclosure form before, during or after the interview.

52.     Defendants obtain consumer reports about applicants, including Thomas, shortly after they require them to come in for their interview.

53.     Defendants caused a consumer report about Thomas to be procured as part of his application and interview process.

54.     On or about July 16, 2014, Thomas, through his attorneys, sent a letter to Defendants' Director of Human Resources requesting a copy of any background report procured in relation to him.  As of the First Amended Complaint's filing date, Defendants have not provided the report.

55.     Because of the unlawful disclosure found in the online application that Thomas completed, Defendants have willfully denied Thomas the rights the FCRA guarantees him.  Such a denial entitles them to statutory damages of not less than $100 and not more than $1,000.

56.     Because of the unlawful disclosure and authorization found in the Authorization and Release that Thomas completed, Defendants have willfully denied Thomas the rights the FCRA guarantees him.  Such a denial entitles them to statutory damages of not less than $100 and not more than $1,000.

57.     On August 27, 2014, Plaintiff Thomas filed his initial Complaint.  (Dkt. No. 1).

58.     On December 22, 2014, Defendants filed with the Court their pre-motion conference request, seeking leave to dismiss the August 27, 2014 Complaint under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 11).

59.     Pursuant to The Honorable Allyne R. Ross' Individual Motion Practice Rule III.A., the service of a pre-motion conference letter "shall constitute timely service of a motion made pursuant to Fed. R. Civ. P. 12(b)."

60.     Fed. R. Civ. P. 15(a)(1)(B) permits Plaintiff to amend the Complaint "as a matter of course" within twenty-one days of the December 22, 2014 letter.

<u>CLASS ALLEGATIONS</u>

61.     Plaintiff Thomas sues on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> <u>Disclosure Class:</u>   All persons in the United States who applied for employment with Defendants on or after August 27, 2012 for whom Defendants procured a consumer report for employment purposes without first providing the employee or prospective employee with a clear and conspicuous disclosure in a stand-alone document consisting solely of the disclosure.

62.     The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, more than five hundred (500) Rule 23 Class Members exist during the Class Period.

63.     Plaintiff Thomas' claim is typical of the claims of the Disclosure Class, and a class action is superior to other available methods for the fair and efficient adjudication the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

64.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65.     Plaintiff Thomas is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

66.     Plaintiff Thomas has the same interest in this matter as all other members of the class and Plaintiff Thomas' claims are typical of the Disclosure Class.

67.     Common questions of law and fact exist as to the Disclosure Class that predominate over any questions solely affecting the individual Disclosure Class Members, including, but not limited to:

    a.    Whether Defendants employed Plaintiff Thomas and the Disclosure Class Members within the meaning of the FCRA;

    b.    Whether Defendants' conduct violated the FCRA;

    c.    Whether Defendants have procured or caused to be procured consumer reports to investigate prospective employees;

    d.    Whether Defendants have willfully failed to provide Disclosure Class Members with their legally-protected rights related to consumer report disclosures;

    e.    Whether Defendant willfully violated the FCRA by failing to provide applicants with clear and conspicuous notice that it may obtain a consumer report for the applicants.

    f.    Whether Defendants willfully violated the FCRA by failing to provide their FCRA disclosures in a document that consists solely of the disclosures; and

    g.    The proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

<u>FIRST CAUSE OF ACTION</u>

Violation of 15 U.S.C. § 1681b(b)(2)(A)
(Brought on Behalf of Plaintiff Thomas and the Disclosure Class Members)

68.     Plaintiff Thomas repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

69.     The consumer report disclosure that Defendants provided to Plaintiff Thomas and the Disclosure Class Members as part of the application process willfully violates the FCRA in numerous, fundamental ways.

70.     The consumer report disclosure, which is part of the on-line employment application, requires the applicant to authorize, confirm, and/or certify several matters that are extraneous to any authorization related to Defendants' procurement of a consumer report, contains a liability release, and is located on the same page of the employment application where applicants list their educational background.

71.     The disclosure does not therefore standalone or consist solely of the disclosure that Defendants may obtain a consumer report and accompanying authorization, violating 15 U.S.C. § 1681b(b)(2)(A).

72.     The Authorization and Release does not constitute a stand-alone disclosure or valid authorization under 15 U.S.C. § 1681b(b)(2)(A) as it contains a liability release and extraneous information.

73.     Defendants procure consumer reports with respect to their job applicants, including, on information and belief, with respect to Plaintiff Thomas.

74.     Defendants violated 15 U.S.C. § 1681b(2)(A)(i)-(ii) by procuring consumer reports on Plaintiff Thomas and the Disclosure Class Members without making the stand-alone disclosure and without obtaining valid authorization.

75. Defendants' violations of 15 U.S.C. § 1681b(b)(2)(A) were willful.

76. Plaintiff Thomas and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendants' willful violations under 15 U.S.C. § 1681n(a)(1)(A).

77. Accordingly, under the FCRA, Plaintiff Thomas and the Disclosure Class Members seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendants' conduct is unlawful.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas, on behalf of himself and the Disclosure Class Members, respectfully requests this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Disclosure Class Members and appointing Plaintiff Thomas and his counsel to represent the Class Members;

b. An award of statutory damages in Count I in the amount of $1,000 for each violation;

c. An injunction requiring Defendants to provide proper disclosures and information as required under 15 U.S.C. §§ 1681b(b)(2);

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Thomas demands a trial by jury on all

questions of fact the First Amended Complaint raises.

Dated: New York, New York
       January 6, 2015

                    BRONSON LIPSKY LLP

                    s/ Douglas B. Lipsky
                    Douglas Lipsky (DL-9372)
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Phone:  212.392.4772
                    dl@bronsonlipsky.com

                    Jeffrey M. Gottlieb (JG-7905)
                    nyjg@aol.com
                    Dana L. Gottlieb (DG-6151)
                    danalgottlieb@aol.com
                    GOTTLIEB & ASSOCIATES
                    150 East 18th Street, Suite PHR
                    New York, New York 10003
                    Phone:  212.228.9795

                    *Attorneys for Plaintiff Thomas*

# EXHIBIT A



GET HELP
YOUR ACCOUNT
COUPON SAVINGS
QUICK SHOP
DELIVERY INFO

SEARCH [                ] FIND

Fruit Vegetables Meat Seafood Deli Cheese Dairy
4-Minute Meals Ready To Cook Heat & Eat Bakery Catering
What's Good Organic Local Kosher Flowers Pet
Pasta Coffee Grocery Health & Beauty Buy Big Frozen Wine

## Packaging Manager – Food Production

| | | | |
|---|---|---|---|
| **Job ID** | 2013-1968 | **# Positions** | 1 |
| **Location** | US-NY-Long Island City | **Experience (Years)** | .. |
| **Category** | HMR - Kitchen | | |

Options :

**Apply for this job online**

**Refer a friend to this job**

More information about this job:

**Overview:**

Position Summary:
Manage packaging operations for the prepared meals area for the large scale production on a 7 day operation commercial-type basis. Work is performed according to specific NYSDOH and FD policies and procedures in producing and packaging food according to standardized recipes and procedures, including but not limited to supervising and training. Oversee 3 supervisors and about 50-60 employees.

**Responsibilities:**

Essential Functions:

- Manage all aspects of daily operation in preparation, assembly and packaging.
- Maintain clean, safe and organized work environment.
  - Staff management including but not limited to hiring, training, scheduling, grievances, mentoring and disciplinary functions
  - Oversee operation of various kitchen & packaging equipment and coordination of trouble shooting on equipment.
  - Ownership of quality control, productivity, workflow, packaging logs and process improvements.
  - Performs all duties in accordance with personnel and company policies, safety policies and procedures, HACCP, GMP and SSOP's.
  - Review performance data, goal achievement and guide appropriate actions and projects
  - Reports all issues that occur daily to the appropriate manager in a timely manner.
  - Team and employee related tasks as needed.

**Qualifications:**

Qualifications:

- Good communication skills, respectfully in interactions with staff, peers and supervisors
- Strong organizational and multi tasking skills in a fast paced environment
- 5-8 years of food production in a supervisory position required
- Previous packaging, culinary production or catering a must
- Working knowledge of HACCP & GMP's a must
- USDA food manufacturing experience a plus
- Ability to read and interpret written information, knowledge or ability to learn tasks related to work on PC in SAP, MS office and other software
- Demonstrates follow through, accuracy in tasks and objectives
- Ability to motivate, lead and train staff and supervisors
- Knowledge of food preparation and presentation methods, techniques, and quality standards.
- Ability to monitor and/or maintain quality control standards.
- Knowledge of organizational structure, workflow, and operating procedures.
- NYC Food Protection Certificate or equivalent a big plus
- Bilingual English / Spanish a plus

• Bilingual English / Spanish a plus

Working Environment

- Ability to work on in temperatures averaging 38-40F
- Must be able to be on your feet for extended periods of time
- Ability to lift 40 pounds or above
- Ability to adapt to a diverse work force in a fast paced environment

Working Schedule

- Must be able to be flexible with hours, including weekend, evening shifts and possible over night
- Full-time position, 10h/day and 5 days a week or as required

**Disclaimer:** The above statements are intended to describe the general nature and level of work being performed by the Teammember(s) assigned to this position. They are not intended to be an exhaustive list of all responsibilities, duties, and skills required of individuals in this position. Position Descriptions may be subject to change as the needs of the organization changes.
As **EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYERS,** Fresh Direct, LLC and its affiliates do not discriminate against applicants or employees because of their race, color, citizenship status, national origin, ancestry, gender (except where gender is a bonafide occupational qualification), disability, sexual orientation, age, religion, creed, marital status, veteran status, domestic violence victim status, political affiliation, or any other factor protected by federal, state, or local law.

 Go back to the welcome page

Need further assistance?

powered by
**iCIMS**

Applicant Tracking Software

About Us    Food Safety    Careers    At The Office    Recipes    MYFD    Gift Cards    New Products

Like    Follow    g+1  735    Our Mobile Apps    At The Office    Home  |  Your Account  |  Help/FAQ  |  Contact Us

© 2002 – 2014 Fresh Direct, LLC. All Rights Reserved.

Privacy Policy  |  Customer Agreement  |  A note on images for AOL users



GET HELP

YOUR ACCOUNT

COUPON SAVINGS

QUICK SHOP

DELIVERY INFO

SEARCH [FIND]

Fruit Vegetables Meat Seafood Deli Cheese Dairy
4-Minute Meals Ready To Cook Heat & Eat Bakery Catering
What's Good Organic Local Kosher Flowers Pet
Pasta Coffee Grocery Health & Beauty Buy Big Frozen Wine

## APPLICATION FOR EMPLOYMENT

As an EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER, FreshDirect does not discriminate against applicants or employees because of their age, race, color, religion, national origin, sex (except where sex is a bonafide occupational qualification) or on any other basis prohibited by law. Furthermore, FreshDirect will not discriminate against any applicant or employee because he or she is mentally or physically disabled, a disabled veteran, or a veteran of the Vietnam era, provided he or she is qualified and meets the requirements established by FreshDirect for the job.

**General Information**

Last Name _____ First Name _____ Middle Name _____

Address _____

City _____ State [ ▼ ] Zip _____

Home Phone _____ Mobile Phone _____

Are you 18 years of age or older?
○ Yes   ○ No
If no, state your Date of Birth
[ ▼ ] [ ▼ ] .

What type of employment are you seeking?
| Full-Time ▲ |
| Part-Time |
| Temporary |
| Seasonal ▼ |

Have you ever worked for FreshDirect?
○ Yes   ○ No
If Yes, when and where?

Are you currently employed by FreshDirect?

1/5

○ Yes   ○ No
If Yes, does your supervisor know you are applying for this position?
○ Yes   ○ No

Have you ever applied to FreshDirect?
○ Yes   ○ No
if Yes, when and where?

To comply with the Immigration Reform and Control Act of 1986, if you are hired you will be required to provide documents to establish your identify and your authorization to be employed in the United States. Such documents will be required within the first three (3) business days following your hire, or upon your first work day if your employment period will be less than three (3) days.

Date available to work with FreshDirect?                          salary expected
[____ ▼] [__ ▼] [                                    USD $ ▼    ] [Yr. ▼]

Have you ever been convicted of a crime (misdemeanor or felony) or offense?
○ Yes   ○ No
If Yes, explain (where, when, charged, sentence)

*Do not include convictions that have been annulled, erased, expunged, vacated, set aside, sealed by a court, or referred to a diversion program.*

(Disclosure of a criminal record will not necessarily disqualify you for employment. Each conviction will be evaluated on its own merits with respect to time, circumstances and seriousness, in relation to the job for which you are applying).

---

**Employment Information**
Fill in below a complete, consecutive statement of your business. All time, including periods of unemployment, must be accounted for. If self-employed, show name and address under which business was conducted.

1. Current/Most Recent Company Name

Address

City                                                  State                          Zip
                                                      [     ▼]

Position Held

○ Full time              Type of Business                    Phone No.
○ Part time
○ Temp

Employed From              To                  Starting Salary            Final Salary
[____ ▼]              [____ ▼]          [USD $ ▼] [Yr. ▼]      [USD $ ▼] [Yr. ▼]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

2. Current/Most Recent Company Name

Address

City                                          State        Zip

Position Held

○ Full time              Type of Business           Phone No.
○ Part time
○ Temp

Employed From        To           Starting Salary          Final Salary
                                  USD $   Yr.              USD $   Yr.

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

3. Current/Most Recent Company Name

Address

City                                          State        Zip

3/5

Position Held

○ Full time
○ Part time
○ Temp

Type of Business

Phone No.

Employed From
[     ▼]

To
[     ▼]

Starting Salary
[USD $ ▼] [Yr. ▼]

Final Salary
[USD $ ▼] [Yr. ▼]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

May we contact this employer?
○ Yes   ○ No

---

4. Current/Most Recent Company Name

Address

City

State
[     ▼]

Zip

Position Held

○ Full time
○ Part time
○ Temp

Type of Business

Phone No.

Employed From
[     ▼]

To
[     ▼]

Starting Salary
[USD $ ▼] [Yr. ▼]

Final Salary
[USD $ ▼] [Yr. ▼]

Nature of work

○ Resigned   ○ Laid off   ○ Discharged   ○ Currently Employed

Explanation of reason for leaving

**May we contact this employer?**
○ Yes   ○ No

---

**Education - Please indicate your most recent education.**

High School Name and Location

| Major field of study | # of yrs completed | Degree |
|---|---|---|
| | | ▼ |

College or Univeristy Name and Location

| Major field of study | # of yrs completed | Degree |
|---|---|---|
| | | ▼ |

Please list any additional Education or training you would like us to know about.

---

**PLEASE READ CAREFULLY BEFORE ACCEPTING**

I certify that the information on this form is true and correct to the best of my knowledge. I understand that willfully withholding information or making false statements in this application may be used as the basis for dismissal. I authorize any and all of my former employers and any other person, institution or agency to furnish to FreshDirect Inc., or any agent acting on its behalf, information they may have concerning my employment, character, ability, or general reputation and I release all parties involved from any liability and responsibility for doing so. Your employment with FreshDirect will be according to the terms and conditions described in FreshDirect's employee handbook and employee certification. Employment is also conditioned on a satisfactory pre-employment drug screening. I also understand that my employment is "at will" which means that FreshDirect, Inc. or I may terminate my employment at any time, with or without cause or notice.

I understand that this application remains current for only 30 days. At the conclusion of that time, if I have not heard from the employer and still wish to be considered for employment, it will be necessary for me to reapply and fill out a new application. I understand that FreshDirect reserves the right to change its policies, procedures and practices at any time, with or without notice, no matter what is stated in any other document or orally.

☐ **I Accept**
**(By checking the box above, you are providing your electronic signature.)**

[ Submit ]   [ Submit & Print ]   [ Save & Return Later ]

# EXHIBIT B

FT/open


**GLOBAL BACKGROUND SCREENING**

BACKGROUND CHECKS - PRE EMPLOYMENT SCREENING

BG ✓ 10/11

DT ✓ 10/11

33 East Merrick Road – Valley Stream, NY 11580
516-872-1900 phone 516-872-2147 fax
globalbackgrounds.com

## AUTHORIZATION AND RELEASE FOR THE PROCUREMENT OF A CONSUMER AND/OR INVESTIGATIVE CONSUMER REPORT
### (PLEASE PRINT OR TYPE)

I, the undersigned consumer, do hereby authorize **Fresh Direct, LLC** by and through its independent contractor, Global Consulting, LLC. ("GC") and associates, to procure a consumer report and/or investigative consumer report on me.

These above reports may include, but are not limited to information as to character, general reputation, personal characteristics and mode of living, discerned through employment and education verification; personal references; personal interviews; my personal credit history based on reports from any credit bureau; my driving history, including any traffic citations, a social security number verification; present and former addresses; criminal and civil history/records; drug screening(hair and/or urine (5 and/or 10 panel) any other public record.

I understand that I am entitled to a complete and accurate disclosure of the nature and scope of any investigative consumer report of which I am the subject upon my written request to "GC", if such is made within a reasonable time after the date hereof, I also understand that I may receive a written summary of my rights under 15 u.s.c. 8 1681 et seq.

I further authorize any person, business or government agency that may have information relevant to the above to disclose the same to **Fresh Direct, LLC.**

By and through "GC", including, but not limited to, any and all courts, public agencies, law enforcement agencies and credit bureaus, regardless of whether such person, business entity or governmental agency compiled the information itself or received it from other sources.

I hereby release **Fresh Direct, LLC**, "GC" and any and all person, business entities and governmental agencies, whether public or private, from any and all liability, claim and/or demands, by me, my heirs or others making such claim or demand, on my behalf, for providing a consumer report and/or investigative consumer report hereby authorized. I understand that this authorization/release form shall remain in effect for the duration of my employment with said company.

Further, I certify that the information contained on this authorization/release form is true and correct and that my application or employment will be terminated based on any false, omitted, or fraudulent information.

SIGNATURE: _Keith Thomas_   OTHER NAMES USED_____

PRINT NAME _Keith_    _Brett Dupree_  _Thomas_   DATE _10/9/12_
　　　　　　　FIRST　　　　MIDDLE　　　LAST

CURRENT ADDRESS _116-40 guy r brewr Jamaica NY_  _11434_  _10/9/12_
　　　　　　　　NUMBER　　　　CITY　　　STATE　　ZIP CODE　　DATES

FORMER ADDRESS_____
　　　　　　　NUMBER　　　　CITY　　　STATE　　ZIP CODE　　DATES

SOCIAL SECURITY NUMBER   Redacted   DAYTIME PHONE NUMBER _718 978 2997_

DRIVERS LICENSE NUMBER   Redacted   STATE _NY_  D.O.B Redacted GENDER _M_

- HAVE YOU EVER BEEN CONVICTED OF A CRIME? YES__ NO_x_
- HAS YOUR DRIVERS LICENSE EVER BEEN SUSPENDED OR REVOKED? YES__ NO_x_
- ARE YOU CURRENTLY UNDER AND INVESTIGATION OR PENDING CHARGES? YES__ NO_x_