UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

                       Plaintiff,

        v.

FRESH DIRECT, LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ECF CASE</u>

No.: 1:14-cv-5101 (ARR) (CLP)

<u>DECLARATION OF DOUGLAS B. LIPSKY</u>

DOUGLAS B. LIPSKY, hereby declares to the Court as follows:

1.     I am a member of the Bar of this Court and a partner of the law firm Bronson Lipsky LLP, attorneys for Plaintiff Keith Thomas, and the putative class members in this matter. I submit this Declaration in support of Plaintiff's motion for preliminary approval of the class action settlement agreement, conditional certification of the settlement classes, appointment of Plaintiff's Counsel as class counsel, approval of the proposed notices of settlement, and the scheduling of a final fairness hearing (the "Motion"). I know the facts testified to in this Declaration to be true based on my own personal knowledge and a review of the documents.

2.     Bronson Lipsky LLP ("Bronson Lipsky") has extensive experience prosecuting class actions and is qualified to represent the Plaintiff and putative class members. Bronson Lipsky has no interest that is adverse to the class. Attached to this Declaration as Exhibit A is a short biography of Bronson Lipsky.

3.    I have associated in this matter with Jeffrey M. Gottlieb, Esq. of Gottlieb & Associates, who also has substantial experience prosecuting class, and have attached as Exhibit B a short biography of Gottlieb & Associates.

A.    Investigation of the Class Claims

4.    The parties engaged in meaningful informal discovery before agreeing to resolve this case. This included Bronson Lipsky and Gottlieb & Associates ("Plaintiff's Counsel") interviewing the Named Plaintiff about the employment application process with Defendants, and Defendants' policies and procedures on what forms applicants and employees must complete to authorize the company to obtain a consumer report on them.

5.    As part of their investigation, Plaintiff's Counsel learned Defendants used one set of consumer report authorization and disclosure forms between August 27, 2012 and March 31, 2013 and a different set between April 1, 2013 and May 31, 2015, and Counsel obtained copies of both sets. Counsel also learned the number of individuals who were given each set for whom Defendants obtained a consumer report: 686 individuals were given one set between August 27, 2012 and March 31, 2013 (the "2012-2013 Class"); and 3,376 individuals received a different set between April 1, 2013 and May 31, 2015 (the "2013-2015 Class"). And Counsel learned the steps Defendants have taken to comply with the FCRA.

6.    Through this investigation, Plaintiff's Counsel was able to analyze the strengths and weaknesses of Plaintiff's claims and Defendants' defenses.

7.    During this investigation, Plaintiff's Counsel considered the substantial expense and time necessary to prosecute the litigation through dispositive motions, class certification, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. In considering these factors, Plaintiff's

Counsel made an informed decision that it is in the Named Plaintiff and putative class members' best interest to settle this matter on the terms described in the June 25, 2015 Class Action Settlement Agreement and Release ("Agreement"), and the Agreement is fair, reasonable and adequate to the class members. A true and correct copy of the Agreement is attached hereto as Exhibit C.

B.      Settlement Negotiations

8.      The parties engaged in several rounds of arm's-length negotiations during which we vigorously debated Plaintiff's claim, Defendants' defenses, and Defendants' contemplated motion to dismiss. The parties also debated the likelihood on how the Court would rule on the motion to dismiss: the authorization given to the 2012-2013 class violates the FCRA, but the authorization given to the 2013-2015 class does not violate the FCRA; both authorizations violate the FCRA; or neither violates the Act. On June 23, 2015, the parties reached a settlement in principle to resolve this matter: a maximum $150 payment to be paid to each 2012-2013 Class Member; and a maximum $20 payment to be paid to each 2013-2015 Class Member.

9.      With a settlement in principle on many terms, the parties began drafting the eventual Agreement. It was not, however, until June 25 the parties agreed to all of the terms - after exchanges of multiple drafts and redrafts. And it was not until July 7, 2015 the Agreement was fully executed.

10.     In Plaintiff Counsel's estimation, the settlement represents a meaningful percentage of the recovery that Plaintiff and the Class Members would have achieved had they prevailed on their claim and survived a trial and appeal. This estimation factors in the statutory penalties for willful violating the Fair Credit Reporting Act: $100 to $1,000 per violation. And

this estimation factors in prior settlements that involved similar claims and comparable authorization and disclosure forms.

11.     Plaintiff Counsel's fees were separately calculated for the 2012-2013 and 2013-2015 class during these negotiations. The fees equal 1/3 of the total individual payments for each class. That is, for the 686 2012-2013 Class Members, the total payments being made to them equals $102,900 ($150 x 686) and the fees are 1/3 of this amount: $34,300. And for the 3,376 2013-2015 Class Members, the total payments equal $67,520 ($20 x 3,376) and fees are 1/3 of this amount: $22,506. The fees were then added to the maximum individual payments for each class so as not to diminish what each class member receives.

12.     Based on their experience and Plaintiff's response, Plaintiff's Counsel anticipates the putative class members will react favorably to this settlement upon being informed of the terms.

13.     In agreeing to the Agreement, Plaintiff's Counsel considered a substantial risk exists that, if this suit proceeded, the Court may grant in whole or in-part Defendants' motion to dismiss, which would eliminate the potential damages. Counsel also considered that, if the Court denied Defendants' motion, it may subsequently deny Plaintiff's class certification motion, and that, even if certification were granted, Plaintiff and the class members might not have prevailed on any or all of their claims. Plaintiff's Counsel further considered the high likelihood that Defendants would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in its favor. Plaintiff's Counsel further considered that neither the U.S. Supreme Court nor the Second Circuit Court of Appeals has fully addressed the core issues in this case, and the U.S. Supreme Court's forthcoming decision in *Robinson v. Spokeo* may jeopardize these claims.

14.    The corporate Defendants are private entitles, and their financial information is not publicly available. Accordingly, Plaintiff cannot determine whether Defendants could withstand a judgment greater than what the Agreement would provide.

D.    Conclusion

15.    These settlement terms are fair, reasonable, and adequate.

I hereby declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: New York, New York
        July 7, 2015

s/ Douglas B. Lipsky
Douglas B. Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
212.392.4772
dl@bronsonlipsky.com

*Attorneys for Plaintiff*

# EXHIBIT A

**BRONSON LIPSKY LLP**
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone: 212.392.4772 Fax: 212.444.1030
email: dl@bronsonlipsky.com
www.bronsonlipsky.com

## BRONSON LIPSKY LLP – FIRM DESCRIPTION

Douglas B. Lipsky co-founded Bronson Lipsky LLP on August 2, 2011. Mr. Lipsky is a practitioner who focuses exclusively on employment law and complex wage and hour litigation.

Mr. Lipsky received dual undergraduate degrees, in Finance and Political Science, from the University of Arizona in 2000. Mr. Lipsky subsequently graduated from Seton Hall University School of Law *cum laude* in 2003. During the summer after his first year of law school, Mr. Lipsky served as an intern for the Honorable Alfred J. Lechner, Jr. (Ret.), United States District Court Judge for the District of New Jersey. Upon graduating from law school, Mr. Lipsky served as a law clerk for the Honorable Arthur D'Italia, Superior Court of New Jersey, Law Division, Hudson County (Ret.).

After completing his clerkship, in September 2004, Mr. Lipsky joined the employment law department of Bressler, Amery & Ross, P.C. in Florham Park, New Jersey. Three years later, he joined the employment law department of Gibbons, P.C. in Newark, New Jersey. While at those firms, Mr. Lipsky focused on representing employers against single and multi-plaintiff cases involving employment law. In November 2007, Mr. Lipsky joined the employment law department of Seyfarth Shaw LLP in New York, New York. While at Seyfarth Shaw, Mr. Lipsky represented employers in defending against complex wage and hour class and collective actions under the Fair Labor Standards Act and state laws. In one such case, he defended an employer in a nationwide class and collective action that involved claims of alleged *de facto* deductions that purportedly reduced the class members' wages below the statutory minimum wage: *Teoba v. Trugreen Landcare LLC*, 1:10-cv-6132769 (W.D.N.Y. 2011). In another such case, he defended an employer in a nationwide class and collective action, in which the plaintiffs alleged they were misclassified as exempt from receiving overtime: *Tracy v. NVR, Inc.*, 1:04-cv-6541 (W.D.N.Y.). While at Seyfarth Shaw, Mr. Lipsky was also a contributing author to a definitive treatise on wage and hour litigation: Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012).

On August 2, 2011, Mr. Lipsky co-founded Bronson Lipsky LLP, where he has litigated several complex wage and hour cases on behalf of employees. He has been appointed as class counsel in other class and collective actions under the New York Labor Law and Fair Labor Standards Act for unpaid overtime and other wage and hour violations. *See, e.g., Tutein v. Esteemed Patrol Inc., et al.*, 1:12-cv-1847 (KAM) (RER) (E.D.N.Y) (class action involving over 2,300 members); *Donnelly, et al. v. Peter Luger of Long Island, Inc.*, 2:13-cv-1377 (LDW) (ARL) (class action involving over 50 class members); *Spencer v. No Parking Today, Inc.*, 1:12-cv-6323 (ALC) (AJP) (S.D.N.Y.) (class action involving over 1,000 members); *Stillman v. Read and Succeed, LLC, et al.*, 1:12-cv-3856 (JBW) (JO) (E.D.N.Y.) (class involving approximately 50 members); *Ceka v. PBM/CMSI Inc., et al.*, 1:12-cv-1711

(DAB) (DCF) (S.D.N.Y.) (involving approximately 350 members); *Sewell v. Allparking Management Inc.*, 1:11-cv-8039 (PKC) (S.D.N.Y) (class action involving approximately 80 members); *Gay v. Tri-Wire Engineering Solutions, Inc.,* 1:12-cv-2231 (KAM) (JO) (E.D.N.Y.) (class action involving over 200 members); *Overton v. Mega Tempering & Glass Corp.*, 1:13-cv-54 (JG) (VMS) (involving failure to pay overtime claim to approximately 200 factory workers). He is likewise serving as lead counsel on other hybrid class and collective actions under the NYLL and FLSA. *See, e.g, Walden v. Sanitation Salvage Corp.*, 1:14-cv-112 (ER) (S.D.N.Y.) (involving unpaid overtime claims for over 500 sanitation workers); *Brooks v. The Griffin Security Agency Inc. et al.*, 1:15-cv-2303 (JGK) (S.D.N.Y.) (involving unpaid overtime claims for over 200 employees).

Mr. Lipsky serves on the New York State Bar Association Wage and Hour Committee. Mr. Lipsky is a member of the New York State Bar and New Jersey State Bar, and he is admitted to the Southern, Eastern, and Western Districts of New York and the District Court of New Jersey.

# EXHIBIT B

## GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795

## GOTTLIEB & ASSOCIATES—FIRM DESCRIPTION

Gottlieb & Associates was founded by Jeffrey M. Gottlieb who has been practicing law since 1974. Gottlieb & Associates' practice is limited to litigation on behalf of clients on a contingency basis in the areas of consumer rights, tenants' rights with respect to the rent stabilization laws in New York City and employees' rights to minimum and/or overtime wages pursuant to the Fair Labor Standards Act (FLSA) and/or state labor laws. Most of Gottlieb & Associates' cases are on a class or collective action basis.

Mr. Gottlieb graduated from S.U.N.Y. Albany in 1970 with a B.S. degree in Public Accounting and he then went on to Albany Law School of Union University where he graduated with a J.D. degree cum laude in 1973. At Albany Law School, he was a member of the Justinian Honorary Society and a member of the Board of Editors of the Albany Law Review, where he also published an article in the Law Review. He was also awarded the Trustees' scholarship at Albany Law School. Subsequent to graduation, he became an adjunct professor of law and maintained that position until 1978. Simultaneously, he was an associate attorney at Kohn, Bookstein & Karp, Esqs., Albany, New York.

Mr. Gottlieb left Albany to pursue an LL.M. degree from NYU School of Law which he obtained in 1979 with a concentration in Intellectual Property Rights and Trade Regulation. In the subsequent year, Mr. Gottlieb was an associate at Sargoy, Stein and Hanpt which was special counsel to the Motion Picture Association of America (MPAA) and he represented most of the major United States film distributors.

In 1980, Mr. Gottlieb started his own private practice of law and, in 1998, co-founded the firm of Berger & Gottlieb Attorneys where he remains a partner. He is also the founding partner of the law firm of Gottlieb & Associates Attorneys. Mr. Gottlieb was admitted to practice law in the Courts of the State of New York as well as the Federal Courts in 1974. He is also admitted to practice in the United States Court of Appeals, 2nd Circuit, United States Tax Court, United States Court of Claims and the Supreme Court of the United States.

Mr. Gottlieb has been counsel in over 300 class or collective action cases in state and federal courts throughout the United States. In the consumer field, these actions involve major automobile manufacturers, cable providers, telephone carriers, the City of New York and toy manufacturers. The genesis of these actions include: UDAP violations, breach of contract, products liability, tort and related claims. With respect to employment class/collective actions, the defendants are in many different industries.

Jeffrey Gottlieb has represented plaintiffs involved in consumer class action lawsuits including: *Fare v. Seiko Communications of America, Inc.* (represented consumers involving wireless communication services); *Yusef v. City of New York and Sheriff of City of New York* (seeking damages and injunctive relief involving improper charges levied against judgment debtors); *O'Hara v. Fisher-Price, Inc.* (damages for sales of defective children's products); *Tegnazian v. Consolidated Edison Inc.* (consumer and business damages resulting from electric utility blackout); *In Re: PNC Leasing LLC.* (early termination fees on automobile leases); *Samuel*

*v. Time Warner, Inc.* (damages for improper charges for cable television services); *Smith v. Chrysler Credit Corp.* (discriminatory interest rates on automobile financing); *Cunningham v. Mattel, Inc.* (seeking damages and injunctive relief for consumers for deceptive trade practices); *Muhammad Bhatti et al v. Nissan North America, Inc* (seeking damages for consumers based upon deceptive acts and practices and warranties) and *Oh v. AT&T* (damages and injunctive relief for unreasonable practices in violation of F.C.C. tariffs).

Jeffrey M. Gottlieb has also been co-counsel in numerous class/collective action cases on behalf of employees pursuant to the FLSA and/or state labor laws: *Herring v. Hewitt,* USDC NJ ("benefit analysts"); *Chowdhury v. Duane Reade*, USDC SDNY (settled on behalf of assistant store managers); *Cumberbatch v. UPS*, USDC SDNY; *Williams v. Uptown Communications*, USDC SDNY; *BJ's Wholesale Club* (settlement of $9.3 million for misclassified certain mid-manager employers); *Francis v. A&E Stores, Inc.,* USDC SDNY (misclassification of assistant store managers); *Stillman v. Staples*, USDC NJ (settlement of $42 million on behalf of approximately 5,500 assistant store managers); *Ravenell v. Avis*, USDC EDNY (misclassification of shift managers); and numerous other cases.

In 2007, Dana Lauren Gottlieb joined Gottlieb & Associates and became an Associate Attorney in 2008. Ms. Gottlieb was awarded her J.D. degree in 2007 from New York Law School and was admitted to the New York State Bar in 2008. Ms. Gottlieb is also admitted to the United States District Courts in the Southern and Eastern Districts of New York. Ms. Gottlieb has been counsel in over 75 Fair Labor Standards Act/New York Labor Law class/collective action lawsuits. Ms. Gottlieb received her B.A. degree from New York University, *cum laude*, in 2001 and her M.A. degree from Columbia University in 2003. Additionally, she has interned at the Office of William J. Clinton, former President of the United States, as well as for the Honorable Sherry Klein Heitler, Justice of the Supreme Court, New York County.

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

                  Plaintiff,

    v.

FRESH DIRECT, LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ECF CASE</u>

No.: 1:14-cv-5101 (ARR) (CLP)

This Class Action Agreement and General Release is entered into between Plaintiff Keith

Thomas individually and on behalf of all Settlement Class Members as defined herein and Fresh

Direct LLC, Fresh Direct Holdings, Inc., and U.T.F. Trucking, Inc., (collectively, "Defendants"),

and is subject to the terms and conditions hereof and the final approval of the U.S. District Court

Eastern District of New York (the "District Court").

## **DEFINITIONS**

1.    <u>Action</u>.  The "Action" means the First Amended Class and Collective action

Complaint filed by Plaintiff Keith Thomas in the United States District Court Eastern District of

New York, entitled *Keith Thomas v. Fresh Direct LLC, et al.*, Case No. 1:14-cv-5101 (ARR)

(CLP), as currently pending and as may be amended under this Agreement.

2.    <u>Settlement Classes or Settlement Class Members</u>.  For purposes of this Settlement

Agreement, the "2012-2013 Settlement Class" shall be defined as follows:  all natural persons

who, according to Defendants' records, were the subject of a background check report used by

Defendants or on Defendants' behalf for an employment decision between August 27, 2012 and

March 31, 2013.  The "2013-2015 Settlement Class" shall be defined as follows: all natural

-1-

persons who, according to Defendants' records, were the subject of a background check report used by Defendants or on Defendants' behalf for an employment decision between April 1, 2013 and May 31, 2015. "Settlement Class Members" include all individuals within both the 2012-2013 and 2013-2015 Settlement Classes.

       3.    <u>Settlement Agreement</u>. "Settlement Agreement" shall refer to the instant Class Action Settlement Agreement.

       4.    <u>Authorized Claimant</u>. "Authorized Claimant" means any of the Settlement Class Members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive an Individual Settlement Payment under this Settlement Agreement.

       5.    <u>Claim Form</u>. "Claim Form" means the Proof of Claim, which is to be mutually agreed upon by the Parties and is to be used by Settlement Class Members who choose to file a claim in the Action. A copy of the Claim Form is attached hereto as Exhibits B-1 and B-2.

       6.    <u>Bar Date</u>. "Bar Date" is the date that is forty-five (45) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members.

       7.    <u>Claim Submission Period</u>. The "Claim Submission Period" means the period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date.

       8.    <u>Claims Administrator</u>. "Claims Administrator" means the claims administration firm agreed upon by the Parties, who will perform all of the administrative duties assigned below in paragraphs 46, and 48-51. The Claims Administrator is designated by the Parties to be Dahl Administration, LLC, or such other administrator as agreed upon mutually by the Parties.

9.      Class Counsel. "Class Counsel" shall mean Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates.

10.     Class Counsel's Fees.  "Class Counsel's Fees" means the total amount of Class Counsel's attorneys' fees to be approved by the Court upon application by Class Counsel, in an amount not to exceed $34,300.00 for the 2012-2013 Settlement Class and $23,030.00 for the 2013-2015 Settlement Class.  These amounts shall be paid from and are included in the Gross Settlement Amount for each Settlement Class.  Class Counsel, however, reserves the right to apply to the Court for additional fees in the event mefaninful efforts are necessary to enforce the terms of this Settlement Agreement, including, but not limited to, a motion to enforce the terms of this Settlement Agreement.  Defendants agree not to oppose any fee application not to exceed $34,300.00 for the 2012-2013 Settlement Class and $23,0330.00 for the 2013-2015 Settlement Class that is consistent with the terms of this Settlement Agreement, but reserve the right to oppose any fee request made in connection with any efforts to enforce the terms of this Settlement Agreement, including, but not limited to, any motion to enforce the terms of this Agreement.

11.     Class Counsel's Costs.  "Class Counsel's Costs" means the total amount of Class Counsel's attorney's costs and expenses, including but not limited to, postage, filing fees, copying, and other litigation costs, to be approved by the Court upon application by Class Counsel.  This amount is included in the Gross Settlement Sum, with 59.8% allocated to the 2012-2013 Settlement Class and 40.2% allocated to the 2013-2015 Settlement Class.  However, should only one of these two Settlement Classes be approved by the Court, Class Counsel may seek the entire amount (up to $600.00) from the Settlement Class approved.  Class Counsel, however, reserves the right to apply to the Court for additional costs in the event meaningful

efforts are necessary to enforce the terms of this Settlement Agreement, including, but not limited to, a motion to enforce the terms of this Settlement Agreement. Defendants agree not to oppose any expense reimbursement application up to a total of $600.00 that is consistent with the terms of this Settlement Agreement.

12. <u>The Court</u>. The "Court" refers to the United States District Court Eastern District of New York, the Honorable Allyne R. Ross, U.S.D.J., presiding.

13. <u>Named Plaintiff</u>. "Named Plaintiff" refers to Keith Thomas, who, together with Class Counsel, covenant and represent they are the duly-authorized legal agents for the Settlement Class Members, and, upon Court approval, will serve as the duly-authorized legal agents for the Rule 23 Settlement Class, with respect to the Action and this Settlement Agreement, and that, upon Court approval, they will act as legal representatives for the Rule 23 Settlement Class, and make decisions on their behalf concerning the Action, the method and manner of conducting the Action, and the execution of this Settlement Agreement on behalf of the Settlement Class.

14. <u>Defendants</u>. "Defendants" means Fresh Direct LLC, Fresh Direct Holdings, Inc., and U.T.F. Trucking, Inc.

15. <u>Parties</u>. "Parties" refers to the Plaintiffs and Defendants and, in the singular, refers to any of them, as the context makes apparent.

16. <u>Preliminary Approval Order</u>. "Preliminary Approval Order" is the Order entered and filed by the Court that preliminarily approves the Settlement Agreement's terms and conditions, including the manner and content of providing notice to the Settlement Class. Under the terms of this Preliminary Approval Order, the Court shall: (i) assert jurisdiction over the claims alleged, the Parties in the Action, and the implementation and administration of this

Settlement Agreement; (ii) authorize notice of the proposed settlement set forth in this Settlement Agreement (or as the same may be modified by subsequent mutual agreement of the Parties) as adequate, fair, and reasonable and in the Plaintiff and the Settlement Class' best interests; (iii) preliminary certify under Fed. R. Civ. P. 23 the Settlement Class for purposes of settlement only; (iv) appoint Keith Thomas as lead Plaintiff, who together with Class Counsel, shall be authorized to act on behalf of the Settlement Class with respect to the Action and this Settlement Agreement (v) appoint Class Counsel as counsel for the Settlement Class under Fed. R. Civ. P. 23(g) and authorize notice that Class Counsel requests an award of $34,300 for the 2012-2013 Settlement Class and $23,033.00 for the 2013-2015 Settlement Class for Class Counsel's Fees and requests an award of Class Counsel's Costs of up to $600.00; (vi) appoint Dahl Administration, LLC, or such other administrator as the Parties mutually agree upon, as the Parties' Claims Administrator; (vii) approve the form and content and authorizing distribution of the Settlement Notice and Claim Forms and setting a forty-five (45) day deadline for the execution and return of Claim Forms, filing of objections, or opting out; and (viii) set the hearing date for the Final Fairness Hearing, which shall be no earlier than one hundred (120) days after the Court enters the Preliminary Approval Order. A proposed Preliminary Approval Order will be attached as Exhibit A to the Notice of Motion for Preliminary Approval of this Settlement Agreement.

17.     Final Approval Order. "Final Approval Order" refers to the Order entered and filed by the Court that finally approves the Settlement Agreement's terms and conditions, directs consummation of its terms and provisions, enters Final Judgment, and dismisses the Action on the merits with prejudice. As part of the Final Approval Order, Named Plaintiff will request that the Final Judgment find this Settlement Agreement and Settlement is fair, just, equitable,

reasonable, adequate and in the best interests of the Settlement Class; permanently enjoin all Settlement Class Members from pursuing, or seeking to reopen, Released Claims against the Released Parties; and require the Parties to carry out the provisions of this Settlement Agreement.

18. <u>Final Effective Date</u>. "Final Effective Date" refers to the first date after all of the following events and conditions have been met or have occurred: (i) the Court entered the Preliminary Approval Order; (ii) the Bar Date passed; (iii) the Court entered a Final Approval Order and Final Judgment; (iv) the deadline has passed without action for counsel for the Parties to terminate the Settlement Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement unless specifically set forth otherwise herein.

19. <u>Final Fairness Hearing</u>. "Final Fairness Hearing" means the hearing contemplated by the Parties, at which the Court will approve, in final, the Settlement Agreement, enter the Final Judgment, and make such other final rulings as are contemplated by this Settlement Agreement. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to the Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Settlement Agreement to occur, the Parties shall request the Court schedule the Final

Fairness Hearing no sooner than one hundred twenty (120) days after entering the Preliminary Approval Order.

20. <u>Final Judgment</u>. "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order dismissing the Action with prejudice. The Parties shall submit an order of Final Judgment setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Fairness Hearing or at such other time as the Court deems appropriate.

21. <u>Gross Settlement Sum or GSS</u>. This settlement shall be on a claims-made basis. The "2012-2013 Gross Settlement Sum" or "2012-2013 GSS" for the 2012-2013 Settlement Class is One Hundred Forty Two Thousand Forty Four Dollars and Zero Cents ($142,044.00) and represents the maximum total payment that Defendants will pay under this Settlement Agreement to the 2012-2013 Settlement Class, inclusive of Individual Settlement Payments, Class Counsel's Fees, and 59.8% of the total of Class Counsel's Costs, Service Award, and Settlement Expenses, and irrespective of whether the total persons in the 2013-2015 Settlement Class is greater than the number estimated in Paragraph 35 below. The "2013-2015 Gross Settlement Sum" or "2013-2015 GSS" for the 2013-2015 Settlement Class is Ninety Five Thousand Three Hundred Eighty Nine Dollars and Zero Cents ($95,389.00) and represents the maximum total payment that Defendants will pay under this Settlement Agreement to the 2013-2015 Settlement Class, inclusive of Individual Settlement Payments, Class Counsel's Fees, and 40.2% of the total of Class Counsel's Costs, Service Award, and Settlement Expenses, and irrespective of whether the total persons in the 2013-2015 Settlement Class is greater than the number estimated in Paragraph 35 below.

22.    Net Settlement Sum or NSS.  "Net Settlement Sum" or "NSS" means the Gross Settlement Sum less the amount of Class Counsel Fees and Class Counsel Costs awarded to Class Counsel, Settlement Expenses, and the Service Award to Named Plaintiff.

23.    Objection Period.  "Objection Period" refers to the period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date.

24.    Objector.  "Objector" is a Settlement Class Member who has timely and properly objected to the Settlement Agreement during the Claim Submission Period.

25.    Released Claims.  Means any and all individual and/or class action, collective action or mass action, asserting any claims under the federal Fair Credit Reporting Act or any state and local law equivalent and any and all derivative claims arising during the period between August 27, 2012 and March 31, 2013 for the 2012-2013 Settlement Class, and between April 1, 2013 and May 31, 2015 for the 2013-2015 Settlement Class.  This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief.  It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims.  No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise, that asserts such Released Claims discussed in this paragraph.

26.     Reversion.  "Reversion" refers to the amounts remaining in the NSS that are not claimed because a Settlement Class Member opts-out of this Settlement or does not submit a timely and valid Claim Form, or are not awarded because the Court approves less than the entire amount of Service Award, Class Counsel Fees or Class Counsel Costs sought.

27.     Released Parties.  "Released Parties" refers to Defendants, all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents (including consumer reporting agencies), employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action.

28.     Service Award.  "Service Award" means the amount to be approved by the Court for payment to the Named Plaintiff in recognition of his efforts on behalf of the Settlement Class in the Action.  The allocation of the Service Award has been determined based upon the amount of time expended by the Named Plaintiff in actively pursuing this Action and the alleged inherent risks of being a Named Plaintiff, and shall include a total of $2,500.00, allocated 59.8% to the 2012-2013 Settlement Class, and 40.2% to the 2013-2015 Settlement Class.  However, should only one of these two Settlement Classes be approved by the Court, Class Counsel may seek the entire amount (up to $2,500.00) from the Settlement Class approved.  This award reflects the work Named Plaintiff has performed in assisting Class Counsel with this litigation and pursuing this litigation, including numerous telephonic conferences with Class Counsel; and

assisting with drafting the Complaint. It also reflects the work he shall perform through the approval process of this Settlement Agreement.

29.    The Service Award shall be in addition to any amount to which the Named Plaintiff may be entitled to receive through a Claim Form submitted as to the Net Settlement Sum. To be eligible for the Service Award, the Named Plaintiff shall execute a copy of this Settlement Agreement releasing any and all claims, including but not limited to those alleged in the Action. Class Counsel shall secure the execution of this Settlement Agreement by the above listed Named Plaintiff, and if, the Court requires revisions to the Settlement Agreement, then again prior to the date of submission of the revised Settlement Agreement.

30.    Settlement Expenses. "Settlement Expenses" means the reasonable fees, costs, and expenses the Claims Administrator incurred or are anticipated to incur in performing the services authorized in this Settlement Agreement, which shall be paid from the Gross Settlement Sum directly to the Claims Administrator, estimated to be at least five thousand dollars ($5,000), and not to exceed twenty five thousand dollars ($25,000), allocated 59.8% to the 2012-2013 Settlement Class, and 40.2% to the 2013-2015 Settlement Class. Any settlement costs that exceed $5,000 will not increase the 2012-2013 GSS or the 2013-2015 GSS. Defendants shall make the initial, necessary deposit to the Claims Administrator, which shall be credited against the Gross Settlement Sum.

31.    Settlement Notice. "Settlement Notice" refers to the notice substantially in the form of Exhibit A to be directed and sent to Settlement Class Members following the entry of the Preliminary Approval Order to notify the Settlement Class of the Settlement, explain the Settlement and Settlement Class Members' options, which is to be mutually agreed upon by the Parties and approved by the Court.

32. Settlement. "Settlement" shall refer to the agreement of the Parties to settle the claims as set forth and embodied in this Settlement Agreement.

33. Individual Settlement Payment. "Individual Settlement Payment" means the payment to an Authorized Claimant under the terms of this Settlement Agreement.

34. Settlement Formula. "Settlement Formula" means the method agreed upon by the Parties to calculate Individual Settlement Payments as set forth in Paragraph 44.

## REPRESENTATIONS

35. Defendants hereby represent that the 2012-2013 Settlement Class consists of approximately 686 individuals and the 2013-2015 Settlement Class consists of approximately 3,455 individuals. An increase or decrease in the number of individuals in these classes within three (3) percent of these estimates will not affect the amounts Defendants agree to pay to the Settlement Classes or increase the 2012-2013 GSS or the 2013-2015 GSS as defined in Paragraph 21 above.

36. Defendants further represent that, as of March 31, 2013, they ceased using the authorization and disclosure form for employment purposes under the Fair Credit Reporting Act that are attached as Exhibits A and B to the First Amended Complaint in this Action. Defendants also further updated the authorization and disclosure form as of June 1, 2015.

37. Defendants further represent that, prior to the date of this Settlement Agreement, they provided Class Counsel with a copy of the revised authorization and disclosure form for employment purposes under the Fair Credit Reporting Act that they presently use and have used since March 31, 2013.

38. Defendants recognize that the representations set forth above in paragraphs 36-38 are material terms of this Settlement Agreement.

## **TERMS AND CONDITIONS**

39.    NOW THEREFORE, in consideration of the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, the Named Plaintiff, individually and on behalf of the Settlement Class, on the one hand, and Defendants, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled, on the following terms and conditions:

40.    Non-Admission Of Liability.  The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Settlement Agreement, Defendants do not admit, and specifically deny, they have violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements;  breached any contract;  violated or breached any duty;  engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to their applicants or employees.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants of any such violation(s) or failure(s) to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or noncompliance with, federal, state, local or other applicable law.  In addition, the Parties intend this Settlement to be contingent upon the preliminary and final approval of this Settlement Agreement; and the Parties do not waive, and

instead expressly reserve, their respective rights to prosecute and defend this Action as if this Settlement Agreement never existed in the event that the Settlement is not fully and finally approved as set forth herein.

41.     <u>Release Of Claims</u>.

a.     As of the date of filing and entry of a Final Approval Order and Final Judgment dismissing the Action in its entirety with prejudice, and except as to such rights or claims this Settlement Agreement creates, the Named Plaintiff and all Settlement Class Members shall be deemed to have forever and fully released all Released Claims (defined above in paragraph 25).   Settlement Class Members who have opted-out of this lawsuit have not by operation of the Final Approval Order released the Released Parties of any of the Released Claims.

b.     The Parties agree for settlement purposes only that, because the Settlement Class is so numerous, it is impossible or impracticable to have each Settlement Class Member execute this Settlement Agreement.  Accordingly, the Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such notice shall have the same force and effect as if each Settlement Class Member executed the Settlement Agreement.

c.     Named Plaintiff and Class Counsel represent, covenant, and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

42.     <u>Full General Release By Named Plaintiff</u>.  Named Plaintiff fully releases and discharges Defendants and the other Released Parties from any and all claims that Named Plaintiff now has or claims to have, or which Named Plaintiff at any time heretofore had or

claimed to have, or which Named Plaintiff at any time hereafter may have or claim to have, including both known and unknown and suspected and unsuspected claims and causes of action in addition to or different from those which he now knows or believes to be true with respect to the allegations and subject matters in this case, and including but not limited to any claims relating to his employment or separation of employment, arising out of or related to any act, omission, event, fact or other thing that existed or occurred from the beginning of time up through and including the date of the Settlement Agreement—June 25, 2015. Without limiting the generality of the foregoing, and in addition to the foregoing, Named Plaintiff specifically and expressly releases to the maximum extent permitted by law any claims against Defendants and the other Released Parties that existed or occurred on or before June 25, 2015 arising out of or related to violations of any federal, state, or city employment discrimination laws, including the federal Fair Credit Reporting Act, Title VII of the Civil Rights Act of 1964; the federal Family and Medical Leave Act; the Age Discrimination in Employment Act, the Americans With Disabilities Act; the National Labor Relations Act; the Equal Pay Act; the Employee Retirement Income Security Act of 1974 (except as to any vested benefits); as well as claims arising out of or related to violations of the provisions of the New York Labor Law; state and federal wage and hour laws; the New York State Human Rights Law, the New York City Human Rights Law, breach of contract; fraud; misrepresentation; common law claims; unfair competition; unfair 1business practices; negligence; defamation; slander; infliction of emotional distress; invasion of privacy; assault; battery; false imprisonment; wrongful termination; and any other state or federal law, rule, or regulation, whether statutory, constitutional or pursuant to common law.

43. <u>Individual Settlement Payments, Class Counsel's Fees and Costs, and Service Award</u>. Subject to final Court approval and the conditions specified in this Settlement

Agreement, and in consideration of the mutual covenants and promises set forth herein, Defendants agree to make a total payment under this Settlement Agreement in the maximum amount of $142,044.00 for the 2012-2013 Settlement Class and $95,389.00 for the 2013-2015 Settlement Class (*i.e.*, the Gross Settlement Sum or GSS). The GSS includes payments to be made to Authorized Claimants, Class Counsel's Fees and Costs, the Service Award to the Named Plaintiff, and the Settlement Expenses. Defendants shall not be required to pay any amounts above the GSS under this Settlement Agreement. The Parties agree, subject to Court approval, that the GSS shall be apportioned as follows:

a. Class Counsel will apply to the Court for an award of attorneys' fees of no more than $34,300.00 for the 2012-2013 Settlement Class and $23,033.00 for the 2013-2015 Settlement Class. The attorneys' fees shall come from and be deducted from the respective GSS. Defendants will not oppose such application. In the event the Court reduces this award, the reduced amount will be included in the Reversion and will thus revert to the Defendants.

b. Class Counsel will apply to the Court for an award of attorneys' costs. Defendants will not oppose a request for up to $600.00 in attorneys' costs, allocated 59.8% to the 2012-2013 Settlement Class, and 40.2% to the 2013-2015 Settlement Class, and which will be deducted from the respective GSS. In the event the Court reduces this award, the reduced amount will be included in the Reversion and will thus revert to the Defendants.

c. At the Final Fairness Hearing, Class Counsel will apply to the Court for Service Award in an amount not to exceed $2,500.00 to be paid to Plaintiff Keith Thomas. Defendants will not oppose such application. The Service Award will be allocated 59.8% to the 2012-2013 Settlement Class, and 40.2% to the 2013-2015 Settlement Class, is included in, and

shall come from, the respective GSS. In the event the Court reduces the Service Award, the reduced amount will be included in the Reversion and will thus revert to the Defendants.

44.     Calculation of Claims.

a.     Individual Settlement Payments. Each Authorized Claimant in the 2012-2013 Settlement Class shall be awarded an Individual Settlement Payment based on the pro rata distribution of the NSS, not to exceed $150.00 per claimant, which shall be paid from the NSS for that class. Their Individual Settlement shall not exceed $150.00, regardless of the size of the Reversion. Each Authorized Claimant in the 2013-2015 Settlement Class shall be awarded an Individual Settlement Payment based on the pro rata distribution of the NSS for that class, not to exceed $20.00 per claimant, which shall be paid from the NSS. Their Individual Settlement shall not exceed $20.00, regardless of the size of the Reversion.

b.     Reversion. To the extent a Reversion exists, that amount shall return to the Defendants and will not be distributed to the Authorized Claimants.

45.     Tax Treatment of Service Award and Individual Settlement Payments. Individual Settlement Payments will be deemed income for which Defendants will issue the Authorized Claimants an IRS Form 1099 if required by law. The Named Plaintiff will be issued an IRS Form 1099 for any Service Award the Court approves.

a.     All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. In this regard, Defendants make no representations regarding the taxability of the Individual Settlement Payments.

b.     Except as provided in Paragraph 43, each Party shall bear his, her, or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the

Action. Class Counsel agree that any allocation of fees among the Class Counsel and any other attorney that may be representing Named Plaintiff or the Class shall be the sole responsibility of Class Counsel, and Class Counsel agree to indemnify and hold harmless Defendants from any claims or liability by any other Party claiming or seeking to claim any attorneys' fees or costs.

46. <u>Notice Procedure</u>.

a. The Claims Administrator shall distribute the Settlement Notices and the Individual Settlement Payments.

b. Within fourteen (14) calendar days of the Court entering the Preliminary Approval Order, Defendants shall provide to the Claims Administrator a list of Settlement Class Members that identifies for each Settlement Class Member his/her name, last known address and telephone number that Defendants have in their possession, and the dates of his/her employment during the Class Period. Defendants' Counsel agrees to consult with the Claims Administrator as required to provide the list in a format reasonably acceptable. The Settlement Administrator will not divulge this class list or information on this list to Plaintiff's counsel except with permission of Defendants or the Court. Within fourteen (14) calendar days of the Court entering the Preliminary Approval Order, Defendants shall provide to Class Counsel a list of Settlement Class Members in both the 2012-2013 and 2013-2015 Settlement Classes that identifies, for each Settlement Class Member, the dates of his/her employment during the Class Period. The Claims Administrator and Class Counsel will keep the lists strictly confidential, use them only for the purposes described herein and take adequate safeguards to protect confidential or private information, and return or certify the destruction of the information upon completion of the Settlement Administration process.

c. Within twenty (20) calendar days of the Court entering the Preliminary Approval Order, the Claims Administrator shall circulate to Defendants for confirmation the list of Settlement Class Members, which shall include their last known address, and their Individual Settlement Payment. The Claims Administrator shall also advise Plaintiff's counsel of the number of class members and their dates of employment during the Class Period.

d. Within thirty (30) calendar days of the Court entering the Preliminary Approval Order, the Claims Administrator shall send the Settlement Notice and Claim Form to each Settlement Class Member, along with a pre-paid, self-addressed return envelope. Defendants' Counsel, Class Counsel and the Claims Administrator collectively may correct immaterial errors on the Settlement Notice, Claim Form or other mailed materials without approval from the Court provided the changes do not alter the preliminary approval by the Court.

e. Settlement Class Members will have forty-five (45) calendar days from the initial mailing of Claim Forms by the Claims Administrator to submit their claims or opt out, with proof of submission date being the postmark date. Settlement Class Members will also have forty-five (45) calendar days to object to the Settlement by mailing any objection to the Claims Administrator, with proof of submission date being the postmark date.

f. The Claims Administrator shall re-mail any Settlement Notice and Claim Form returned by the Post Office with a forwarding address. It shall be conclusively presumed that those Settlement Class Members whose re-mailed Settlement Notice and Claim Form is not returned to the Claims Administrator as undeliverable within ten (10) calendar days after re-mailing, actually received the Settlement Notice and Claim Form.

g. Within seven (7) calendar days of receiving any undelivered envelopes, the Claims Administrator will perform one skip trace using Social Security Numbers provided by

Defendants, as needed, to verify the accuracy of the addresses provided and re-mail the Settlement Notice and Claim Form for those forms returned to sender.  That Authorized Claimant will then have until the Bar Date or ten (10) calendar days after the Settlement Notice and Claim Form are re-mailed to submit their Claim Form, opt-out or object to the Settlement, whichever is later.  The Parties recognize Accurint, or something comparable, is an appropriate research tool for this purpose.

       h.      Within seven (7) calendar days of the Claims Administrator receiving any deficient Claim Form, the Claims Administrator shall re-mail the Claim Form to the Settlement Class Member along with a return envelope, and identify the deficiency for the Settlement Class Member and inform the Settlement Class Member that he/she has until the Bar Date or ten (10) calendar days after the Claim Form is re-mailed, whichever is later, for him/her to re-submit his/her Claim Form.  Any Claim Form that is cured after the ten (10) day period or the Bar Date, whichever is later, will not be considered effective.  The postmark date shall determine whether Claim Form is timely cured.

       i.      Within seven (7) calendar days of the Court adjourning the Final Fairness Hearing or sooner if necessary and practicable, to the extent it happens, the Claims Administrator shall mail a notice of the new date and time to any Objector.

       j.      The Claims Administrator and/or Class Counsel shall provide to the Court, at or before the Final Fairness Hearing, a declaration confirming that the Settlement Notice and related forms were mailed to all Class Members as required by this Settlement Agreement, as well as any additional information Class Counsel deems appropriate to provide to the Court.

       47.      <u>Claims-Made Nature Of The Settlement</u>.  The Settlement will be on a claims-made basis, meaning that the Parties agree, covenant, and represent that the Individual

Settlement Payments shall be distributed only to Authorized Claimants. Therefore, individual Settlement Class Members will be entitled to receive an Individual Settlement Payment only if the Class Member does all of the following: (i) completes the Claim Form in its entirety; (ii) signs the Claim Form certifying that its contents are true and correct; and (iii) returns the Claim Form to the Claims Administrator with a postmarked date that is on or before the Bar Date and (iv) does not opt out of the Settlement. Settlement Class Members who do not properly or timely submit a Claim Form will not be entitled to any portion of the NSS.

48.     <u>Claims Procedure</u>.

a.      Upon receipt of any Claim Form within the Claim Submission Period, the Claims Administrator shall review the Claim Form to verify the information contained therein, to identify any deficiencies, and to determine the eligibility of the person submitting the Claim Form to receive an Individual Settlement Payment. In the event that a Claim Form is defective or incomplete, the Claims Administrator shall follow the process specified above in paragraph 46.h.

b.      In the event the Claims Administrator is unclear whether a deficiency exists with a Claim Form, the Claims Administrator shall send (via email) to Class Counsel and Defendants' Counsel a copy of the Claim Form to be reviewed. The Parties agree to work in good faith to determine whether the Claim Form should be deemed valid or deficient.

c.      Any Settlement Class Member who fails to submit a timely, complete, and valid Claim Form shall be barred from receiving any Individual Settlement Payment under this Settlement Agreement. Class Counsel shall not review or consider any Claim Form postmarked after the end of the Claim Submission Period, nor shall the Defendants make any distribution whatsoever with respect to any Claim Form received after the end of the Claim Submission Period. It shall be conclusively presumed that, if a Claim Form is not postmarked on or before the

Bar Date, the Settlement Class Member did not return the Claim Form in a timely manner. The only exception to this rule is if the Claim Form was re-mailed under the conditions set forth in paragraphs 46.g. and 46.h.

d.     Within fifteen (15) calendar days after the Bar Date, the Claims Administrator shall provide Class Counsel and Defendants' Counsel with the number of Settlement Class Members that filed claims, opt out notices or Objectors and the total amount of all Individual Settlement Payments to be made to Claimants. After receiving the Claims Administrator's report, Class Counsel and Defendants' Counsel shall jointly review the same to determine if the calculation of payments to Claimants is consistent with this Settlement Agreement.

e.     Within fifteen (15) calendar days after the Bar Date, the Claims Administrator shall provide Class and Defense Counsel the declaration that will be filed when seeking final approval of the Settlement Agreement, which shall include, *inter alia*: the date the Settlement Notices were mailed; the number of returned Settlement Notices; the number of re-mailed Settlement Notices; the number of Settlement Notices that could not be re-mailed; and the number of valid Claim Forms, opt-out requests and objections and the relative percentage of each.

49.     <u>Opt-Out Procedure and Binding Nature of This Settlement Agreement</u>. Unless a Settlement Class Member timely opts out of the Settlement described in this Settlement Agreement, he/she shall be bound by the terms and conditions of this Settlement Agreement, and shall also be bound by the Court's Final Judgment and Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Released Claims against the Released Parties, regardless of whether he or she timely submits a timely Claim Form. A Settlement Class Member will not be entitled to opt out of the Settlement established by this Settlement

Agreement unless he or she does all of the following: (i) makes a proper written request to opt out of the Settlement; (ii) provides his/her name and address; (iii) signs the opt-out request; and (iv) returns the opt-out request to the Claims Administrator so that it is received or postmarked on or before the expiration of the Claim Submission Period. Named Plaintiff may not opt-out of the Settlement Agreement.

        a.      The Claims Administrator will provide a copy of all opt-out requests received within the Claim Submission Period to Defendants' Counsel within five (5) calendar days of the Bar Date or receipt thereof, whichever is later.

        b.      Upon receipt of any opt-out request within the Claim Submission Period, the Claims Administrator, Class Counsel and Defendants' Counsel shall review the request to verify the information contained therein, and to confirm that the request complies with the requirements of this Settlement Agreement. The Claims Administrator shall review its records to determine whether the Settlement Class Member submitted a Claim Form. If a Settlement Class Member timely submits both a Claim Form and opt-out request, the Claim Form will be considered valid, and the opt-out request rejected.

        c.      Upon receipt of a deficient or incomplete opt-out request, the Claims Administrator will promptly notify the Settlement Class Member of the defect or deficiency and permit the Settlement Class Member to cure the defect within ten (10) calendar days or the Bar Date, whichever is later. Any opt out request that is cured after the ten (10) calendars day period or the Bar Date will be considered ineffective as measured by the postmark on the revised request.

        d.      Any Settlement Class Member who fails to submit a timely, complete and valid request to opt out of the Settlement shall be barred from opting out of this Settlement Agreement or the Settlement. The Claim Administrator shall not review or consider any opt-out

request postmarked after the Bar Date (unless the ten-day cure period applies). It shall be conclusively presumed that, if an opt-out request is not postmarked on or before the Bar Date (unless the ten-day cure period applies), the Settlement Class Member did not make the request in a timely manner. A declaration submitted by any Settlement Class Member attesting to the mailing of an opt-out request on or before the expiration of the Claim Submission Period shall be insufficient to overcome the conclusive presumption that the Claim Form was not postmarked on or before the expiration of the Claim Submission Period.

      50.    <u>Objections To Settlement</u>.

      a.    Only Settlement Class Members who timely submit a valid claim and do not opt out of the Settlement may object to the Settlement; Settlement Class Members who do not submit a valid claim or opt out of the Settlement may not object to the Settlement. Any such objection must be mailed to the Claims Administrator by the Bar Date. The objection must also explain the basis for the objection, include any supporting documents, and a statement on whether the objecting Settlement Class Member intends to appear and be heard at the Final Fairness Hearing. Such objection must contain the name, address, telephone number, and email address (if he/she has one) of the objecting Settlement Class Member, and be personally signed by him or her. If the objecting Settlement Class Member is represented by counsel, the objection shall so state, and shall contain the counsel's name, address, telephone number, and email address. Only objecting Settlement Class Members who make objections in the manner described in this paragraph (50.a) will be considered Objectors and will therefore be permitted to be heard at the Final Fairness Hearing; Settlement Class Members who fail to make objections in the manner specified this paragraph (50.a) are not considered Objectors, shall be deemed to have waived any objections, shall be foreclosed forever from seeking review or making any objection to the

Settlement or the terms of the Agreement, and shall not be permitted to be heard at the Final Fairness Hearing. If the Court adjourns the Final Fairness Hearing after the Settlement Notices set forth herein are mailed to the Class Members, the Claims Administrator shall notify any Objector of the new fairness hearing date.

        b.      The Claims Administrator will stamp the date any objection is received and send (via email) to Class and Defense Counsel copies of each such objection, envelope, supporting documentation, and the Settlement Notice mailed to the Objector. The Claims Administrator shall also file the date-stamped originals of any all objections with the Court.

        51.     <u>Distribution Of Settlement</u>.

        a.      The Individual Settlement Payments, Service Award, Class Counsel's Fees and Costs shall be distributed no later than thirty (30) calendar days after the Final Effective Date.

        b.      Within ten (10) calendar days of the Final Effective Date, the Claims Administrator shall promptly provide written notice to Defendants and Class Counsel of the number of Authorized Claimants, the total amount to be distributed to the Authorized Claimants and Class Counsel, and the amount each Authorized Claimant will receive.

        c.      Within twenty (20) calendar days of the Final Effective Date or ten (10) calendar days of the Claims Administrator providing the written notice set forth above in paragraph 51.b, whichever is later, Defendants shall remit to the Claims Administrator an amount equal to what is set forth in the written notice plus any additional amount necessary to cover the Settlement Expenses. This total amount, in combination with Class Counsel's Fees and Costs, Service Award, and Settlement Expenses shall not exceed the 2012-2013 GSS and the 2013-2015 GSS.

d.  Within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendants remitting the funds as set forth above in paragraph 51.c, whichever is later, the Claims Administrator will distribute one check for each Authorized Claimant.

e.  The checks to Authorized Claimants shall be valid for one hundred and twenty (120) calendar days.  If an Authorized Claimant requests a check to be reissued within the 120-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's check was not cashed, reissue that Authorized Claimant's check.  Reissued checks will be valid until the later of (1) the end of the 120th calendar day period that the initial check was issued or (2) forty-five (45) calendar days after the date of the reissued check, whichever is later.  To the extent any check is not deposited or cashed within the one hundred and twenty (120) calendar day time period or forty-five (45) calendar day period after the date of the reissued check, whichever is later, that amount for each such check shall revert to the Defendants.

f.  Provided Defendants have received an executed release and an IRS W-9 form from Named Plaintiff, the Service Award shall be distributed within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendants remitting the funds as set forth above in paragraph 51.c, whichever is later.

g.  Provided Defendants have first received an IRS Form W-9 from Class Counsel, payment of Class Counsel's Fees and Costs, or any lesser amount the Court awards, shall be made by wire transfer to an account Class Counsel designates within seven (7) calendar days after the last of (i) the Effective Date, (ii) the Court's Order awarding Class Counsel's Fees and Costs or any lesser amount, and (iii) Class Counsel providing to Defendants and the Claims Administrator the requisite wire transfer instructions.  Upon payment of Class Counsel's Fees and Costs, Defendants shall have no other payment obligations owed to Class Counsel relating to this

case for any amount, individually or collectively, directly or indirectly, unless ordered by the court, including, by way of example and not by limitation, a motion to enforce the terms of this Settlement Agreement. Defendants reserve the right to oppose any fee request made in connection with any efforts to enforce the terms of this Settlement Agreement, including, but not limited to, any motion to enforce the terms of this Agreement.

h.   Aside from Settlement Expenses to issue notice to the class pursuant to Paragraph 46 herein, Named Defendants shall not be obligated to make any payments contemplated by this Settlement Agreement unless and until the Court enters the Final Order and Final Judgment, and after the Final Effective Date of the Settlement Agreement, and no amounts will be owed or payable until any appeals or other collateral attacks have lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible. The Settlement Expenses will be paid in accordance with the terms of the agreement between Defendants and the Claims Administrator.

52.   Preliminary Approval Of Settlement.

a.   Within twenty (20) calendar days of full execution of this Settlement Agreement by all parties, Named Plaintiff shall file a motion in the Action requesting that the Court enter the Preliminary Approval Order (as described in paragraph 16) based on an agreed-upon Settlement schedule, subject to Court approval if necessary.

b.   Defendants shall not oppose Class Counsel's motion for preliminary approval of the Settlement so long as the motion and supporting papers are consistent with the terms of this Settlement Agreement. Class Counsel shall provide Defendants with a reasonable opportunity to review, and provide comments on, the motion for preliminary approval of the Settlement before the motion and supporting papers are filed with the Court. Notwithstanding the

foregoing, Defendants may, without opposing the motion for preliminary approval, advise the Court if Defendants disagree with any of the factual statements included by Named Plaintiff in the motion and supporting papers.

53.     Non-interference With Claims Procedure.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Settlement Class Members to submit requests for exclusion or objections to the Settlement or to appeal from, attack or challenge the Final Order and Final Judgment.

54.     Final Approval of the Settlement.  Named Plaintiff will request, and Defendants will concur in the request, that the Court enter, after the Final Fairness Hearing, the Final Approval Order and Final Judgment.  Class Counsel shall draft the Final Approval Order in the form that is consistent with this Settlement Agreement, the Court's Order(s) and subject to Defendants' prior review and approval.

55.     Defendants' Right to Terminate Settlement Agreement.  If a total of fifty (50) or more of the 2012-2013 Settlement Class and/or 2013-2015 Settlement Class Members timely opt out of the Settlement, Defendants shall have the sole and absolute discretion to void this Settlement Agreement within fifteen (15) calendar days after notification by the Claims Administrator of the number and identity of the opt outs.  Defendants shall provide written notice of such withdrawal to Class Counsel.  In the event that Defendants elect to so withdraw, the withdrawal shall have the same effect as a termination of this Settlement Agreement for failure to satisfy a condition of Settlement, and the Settlement Agreement shall become null and void and have no further force or effect.

56.     Representation of Opt-Outs.  Class Counsel agrees that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Class

Counsel certifies under penalty of perjury to Defendants and the Court that, as of the date of this Settlement Agreement, they do not represent and are not soliciting any individuals for the purpose of initiating a new lawsuit against any of the Released Parties (as defined herein in paragraph 27). The Court retains jurisdiction to enforce this provision as appropriate. Class Counsel further agrees that Class Members who seek to opt out of this Settlement should be represented by counsel who is of the belief that the Settlement Agreement is not fair, reasonable and in the best interest of the Settlement Class Members. Class Counsel shall accordingly not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties.

57.     _Public Statements_.  Class Counsel agrees not to make any statements, directly or indirectly, to any media source or social media concerning the Settlement prior to the Court granting preliminary approval of the Settlement Agreement. Class Counsel further agrees not to make any statements, directly or indirectly, to any media source or social media prior to the Court entering the Preliminary Approval Order unless Defendants consent to the making of the statement and to the statement's language. This paragraph does not prohibit Class Counsel from posting on their respective law firms' professional websites their participation in this case more than sixty days after the Final Effective Date. This paragraph is not intended to limit communications between Class Counsel and any client, Settlement Class Member, or other persons directly involved in this case.

58.     _Waiver of Appeal_.  Subject to preliminary and final approval of this Settlement, each Party expressly waives its right to appeal.

59.    <u>CAFA Notices</u>.

a.    No later than ten (10) calendar days of the Court entering the Preliminary Approval Order, the Claims Administrator shall make the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715(a), to the Federal and applicable state Attorneys General and Departments of Labor.

b.    The Claims Administrator shall file with the Court a certification of the date upon which the CAFA notices were served.

60.    <u>Automatic Voiding Of Settlement Agreement If Settlement Not Finalized</u>.  If for any reason the Settlement set forth in this Settlement Agreement is not approved by the Court, in whole or in part, or if preliminary or final approval is not given in whole or in part, or a Final Judgment is not entered, Defendants have the right to elect to nullify and void the Settlement. Should Defendants elect to nullify and void this Settlement, the orders, judgment, and dismissal to be entered under this Settlement Agreement shall be vacated; and the Parties will be returned to the status quo prior to entering into this Settlement Agreement with respect to the Action, as if the Parties had never entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court Orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise.

61.    <u>Non-Disparagement</u>.

a.    Named Plaintiff and Class Counsel agree not to make any negative or disparaging statements about, or to intentionally do anything that damages the Defendants' reputation, financial status, or business relationships.

b.     Defendants agree that if any of Named Plaintiff's prospective employers contact them, Defendants' response to any such inquiry will be limited only to confirming his employment period and position.

62.     <u>Invalidation Of Settlement Agreement For Failure To Satisfy Conditions</u>.  The terms and provisions of Paragraphs 1 through 75 of this Settlement Agreement are not recitals, but are deemed to constitute contractual terms.  The Court may allocate less to Class Counsel and Named Plaintiff than indicated in Paragraphs 43-44 without impacting the validity and enforceability of the Settlement Agreement.  Except for the provisions set forth in the preceding sentence in the event that any of the terms or conditions set forth in Paragraphs 1 through 75 of this Settlement Agreement are not fully and completely approved by the Court and satisfied, this Settlement Agreement shall terminate at the option of either Party, or both, and all terms of the Settlement Agreement, including any payments by Defendants, shall be null and void.  Without limiting the generality of the foregoing, if this Settlement Agreement is terminated for failure to satisfy any of the terms or conditions of Paragraphs 1 through 75 of this Settlement Agreement:

a.     Defendants shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to make any Individual Settlement Payment to any Settlement Class Member, to any Authorized Claimant, to Class Counsel, or to the Named Plaintiff.

b.     This Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of the Named Plaintiff, Settlement Class Members and Defendants, each of whom shall be restored to their respective positions existing prior to the execution of this Settlement Agreement, and evidence relating to the

Settlement Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation.

c.      Defendants will not have waived, and instead expressly reserve, their right to challenge the continuing propriety of class certification for any purpose.

d.      To the extent one exists, the Preliminary Approval Order shall be vacated in its entirety and neither this Settlement Agreement, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied upon, referred to or used in any way for any purpose in connection with any further proceedings in this Action or in any related action, including class certification proceedings.

63.     <u>Notices</u>.  All notices, requests, demands and other communications required or permitted to be given under this Settlement Agreement shall be in writing, and shall be delivered by First Class Mail, unless otherwise specified, to the attorneys listed in the caption above and to the Claims Administrator.

64.     <u>Modification In Writing</u>.  This Settlement Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all signatories to this Settlement Agreement.  This Settlement Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

65.     <u>Ongoing Cooperation</u>.   Named Plaintiff and Defendants and each of their respective counsel shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.  The executing of documents must take place prior to the Final Settlement Hearing.

66. <u>Binding on Successors</u>.  This Settlement Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

67. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the full, complete and entire understanding, agreement and arrangement between Named Plaintiff and the Settlement Class Members on the one hand and Defendants on the other hand with respect to the settlement of the Action and the Released Claims against the Released Parties.  This Settlement Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties.  Except those set forth expressly in this Settlement Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties.

68. <u>Execution In Counterparts</u>.  This Settlement Agreement may be signed in one or more counterparts.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or electronic copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

69. <u>Captions.</u>  The captions and paragraph numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Settlement Agreement.

70. <u>Governing Law</u>.  This Settlement Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of New York, without regard to conflict of law rules.

71.     Reservation Of Jurisdiction.  Notwithstanding the dismissal of this Action and entry and filing of Final Judgment, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Settlement Agreement.

72.     Mutual Preparation.  The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement.  Accordingly, this Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

73.     Warranties And Representations.  With respect to themselves, each of the Parties to this Settlement Agreement and/or their agents or counsel represent, covenant and warrant that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Settlement Agreement and have duly authorized the execution, delivery and performance of this Settlement Agreement, and (b) the person executing this Settlement Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

74.     Representation By Counsel.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Named Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement, and that after entry by the Court of the Final Judgment, Defendants may distribute

funds to Authorized Claimants, Class Counsel, and Named Plaintiff as provided by this Agreement.

75.     <u>Authorization By Named Plaintiff</u>.  Named Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Settlement Class and not to object to any terms of this Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

[SIGNATURES ON NEXT PAGE]

Dated: June 6, 2015
        New York, New York

                                                KEITH THOMAS
                                                Plaintiff/Class Representative

Dated: June ___, 2015
        New York, New York

                                                MICHAEL A. BRIZEL (On Behalf of)
                                                FRESH DIRECT LLC, AND U.T.F.
                                                TRUCKING, INC.

APPROVED AS TO FORM:
Dated: June ___, 2015
        New York, New York                      BRONSON LIPSKY LLP

                                                Douglas B. Lipsky
                                                Attorneys for Plaintiffs

Dated: June ___, 2015
        New York, New York                      LITTLER MENDELSON, P.C.

                                                Rod M. Fliegel
                                                Attorneys for Defendants

-35-

Dated: June __, 2015
New York, New York

_____
KEITH THOMAS
Plaintiff/Class Representative

Dated: June 2ᴶ, 2015
New York, New York

_____
MICHAEL A. BRIZEL (On Behalf of)
FRESH DIRECT LLC, AND U.T.F.
TRUCKING, INC.

APPROVED AS TO FORM:

Dated: June __, 2015
New York, New York

BRONSON LIPSKY LLP

_____
Douglas B. Lipsky
*Attorneys for Plaintiffs*

Dated: ~~June~~ July 7 __, 2015
New York, New York

LITTLER MENDELSON, P.C.

_____
Rod M. Fliegel
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

                    Plaintiff,

          v.

FRESH DIRECT, LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:14-cv-5101 (ARR) (CLP)

## NOTICE OF CLASS ACTION SETTLEMENT & FINAL FAIRNESS HEARING

**IF FRESH DIRECT LLC, FRESH DIRECT HOLDINGS, INC. OR U.T.F. TRUCKING, INC. PROCURED YOUR CONSUMER REPORT (BACKGROUND CHECK) BETWEEN AUGUST 27, 2012 AND MARCH 31, 2013, YOU COULD RECEIVE A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR _____, 2015 AT _____.**

**PLEASE READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING THE SETTLEMENT OF THE LAWSUIT. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE BOUND BY ITS TERMS UNLESS YOU AFFIRMATIVELY OPT OUT OF THE SETTLEMENT.**

## 1.     WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on August 27, 2014 in the United States District Court Eastern District of New York and assigned civil action number 1:14-cv-5101 (the "Lawsuit").

The Lawsuit was filed by Keith Thomas against Fresh Direct LLC, Fresh Direct Holdings, Inc. or U.T.F. Trucking, Inc. ("Defendants"). Plaintiff Thomas alleges Defendants willfully violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2), because they did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consists solely of the disclosure.

Defendants contend they complied with the FCRA at all times. The Court has not determined whether Defendants violated the FCRA.

The Settlement Class for this Lawsuit is defined to include:

All natural persons who, according to Defendants' records, were the subject of a background check report used by Defendants or on Defendants' behalf for an employment decision between August 27, 2012 and March 31, 2013.

You are receiving this notice because you fit in the Settlement Class definition.

## 2.     WHAT CAN I GET OUT OF THE SETTLEMENT?

A $142,044.00 settlement fund will be used to make cash payments to the Settlement Class. This fund will also be used to pay for the cost associated with administering this settlement, and Court-awarded attorneys' fees and costs, and a service award to the Named Plaintiff.

You will receive a check based on a pro rata distribution of the net settlement funds not to exceed $150.00 if you timely submit a claim and do not opt out of the settlement.

## 3.     WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY GET PAID?

The Court has appointed lawyers to represent the class ("Class Counsel"), but you may enter an appearance in this case through an attorney of your own choosing if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who the Court has appointed as Class Counsel are:

Douglas Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017-6705

Subject to Court approval, Class Counsel will seek attorneys' fees in the amount not to exceed one-third (33.3%) of the settlement fund and to be reimbursed for expenses not to exceed $600.00. The attorneys' fees and expenses will be paid from the settlement fund.

## 4.     WHAT ARE THE OTHER MONETARY TERMS OF THE SETTLEMENT?

Subject to Court approval, the Named Plaintiff will be awarded a service award in the amount of $2,500.00. This payment is in recognition of the many hours of service he contributed on behalf of the Settlement Class, and in recognition of the inherent risks of being a Named Plaintiff. This award will be paid from the settlement fund. The cost of administering this settlement will also be paid from the settlement fund.

Your individual settlement payment will not increase if the Court decreases the requested attorneys' fees and expenses or service award.

## 5.     WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

You give up your right to sue or file a lawsuit against Defendants and the other Released Parties (defined below) regarding the legal issues that were raised or could have been raised in this Lawsuit. Giving up your legal claims is called a "release." The Released Parties collectively include Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc., all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents (including consumer reporting agencies), employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. You will be releasing these Released Parties from any and all individual and/or class action, collective action or mass action, asserting any claims under the federal Fair Credit Reporting Act or any state and local law equivalent and any and all derivative claims arising during the period between August 27, 2012 and March 31, 2013. This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims. No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise to assert such Released Claims described in this Paragraph.

## 6.     HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**. Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], to:

> *Thomas v. Fresh Direct LLC, et al.*
> c/o Dahl Administration, LLC
> 6465 Wayzata Blvd., Suite 420
> Minneapolis MN 55426
> Telephone:  (952) 562-3600

## 7.        HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement.  To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE].  If you do not opt-out, you will be bound by the terms of the Settlement Agreement.  To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN *THOMAS V. FRESH DIRECT LLC*," postmarked no later than [INSERT BAR DATE].  You must include your name and address in the letter and sign it.  If you choose to opt-out, send your letter to:

> *Thomas v. Fresh Direct LLC, et al.*
> c/o Dahl Administration, LLC]
> 6465 Wayzata Blvd., Suite 420
> Minneapolis MN 55426
> Telephone:  (952) 562-3600

## 8.        WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Paragraph 9 below, you must first do so in writing.  Written objections must be mailed to the Claims Administrator at the address listed above in Paragraph 7.  The Claims Administrator will then file a copy of your objection with the Court and provide copies to Class Counsel and Defense Counsel.  Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *THOMAS v. FRESH DIRECT LLC*, Index No. 1:14-5101.  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing.  Your objection must contain your name, address, telephone number, and email address (if you have one), and be personally signed by you.  If counsel represents you, the objection shall so state, and shall contain your counsel's name, address, telephone number, and email address.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The

Parties may file with the Court written responses to any filed objections. You cannot object to the Settlement and opt-out of the Settlement Class. If you opt-out, you have no basis to object because the case no longer affects you. You must submit a valid, timely claim form to object.

## 9. WHEN IS THE FINAL FAIRNESS HEARING?

A hearing before the Honorable Allyne R. Ross, U.S.D.J., will be held on _____ at _____ m. at the United States District Court Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you should contact the Claims Administrator.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KEITH THOMAS Individually and on Behalf of
All Other Persons Similarly Situated,

        Plaintiff,

     v.

FRESH DIRECT, LLC, FRESH DIRECT
HOLDINGS, INC., and U.T.F. TRUCKING, INC.,
Jointly and Severally,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:14-cv-5101 (ARR) (CLP)

## NOTICE OF CLASS ACTION SETTLEMENT & FINAL FAIRNESS HEARING

**IF FRESH DIRECT LLC, FRESH DIRECT HOLDINGS, INC. OR U.T.F. TRUCKING, INC. PROCURED YOUR CONSUMER REPORT (BACKGROUND CHECK) BETWEEN APRIL 1, 2013 AND MAY 31, 2015, YOU COULD RECEIVE A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR _____, 2015 AT _____.**

**PLEASE READ THIS NOTICE CAREFULLY.  IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING THE SETTLEMENT OF THE LAWSUIT.  IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE BOUND BY ITS TERMS UNLESS YOU AFFIRMATIVELY OPT OUT OF THE SETTLEMENT.**

## 1.     WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on August 27, 2014 in the United States District Court Eastern District of New York and assigned civil action number 1:14-cv-5101 (the "Lawsuit").

The Lawsuit was filed by Keith Thomas against Fresh Direct LLC, Fresh Direct Holdings, Inc. or U.T.F. Trucking, Inc. ("Defendants").  Plaintiff Thomas alleges Defendants willfully violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2), because they did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consists solely of the disclosure.

Defendants contend they complied with the FCRA at all times.  The Court has not determined whether Defendants violated the FCRA.

The Settlement Class for this Lawsuit is defined to include:

All natural persons who, according to Defendants' records, were the subject of a background check report used by Defendants or on Defendants' behalf for an employment decision between April 1, 2013 and May 31, 2015.

You are receiving this notice because you fit in the Settlement Class definition.

## 2.     WHAT CAN I GET OUT OF THE SETTLEMENT?

A $95,389.00 settlement fund will be used to make cash payments to the Settlement Class.  This fund will also be used to pay for the cost associated with administering this settlement, and Court-awarded attorneys' fees and costs, and a service award to the Named Plaintiff.

You will receive a check based on a pro rata distribution of the net settlement funds not to exceed $20.00 if you timely submit a claim and do not opt out of the settlement.

## 3.     WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY GET PAID?

The Court has appointed lawyers to represent the class ("Class Counsel"), but you may enter an appearance in this case through an attorney of your own choosing if you want.  If you do so, you will have to pay for your own lawyer.

The attorneys who the Court has appointed as Class Counsel are:

Douglas Lipsky
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017-6705

Subject to Court approval, Class Counsel will seek attorneys' fees in the amount not to exceed one-third (33.3%) of the settlement fund and to be reimbursed for expenses not to exceed $600.00. The attorneys' fees and expenses will be paid from the settlement fund.

## 4.  WHAT ARE THE OTHER MONETARY TERMS OF THE SETTLEMENT?

Subject to Court approval, the Named Plaintiff will be awarded a service award in the amount of $2,500.00. This payment is in recognition of the many hours of service he contributed on behalf of the Settlement Class, and in recognition of the inherent risks of being a Named Plaintiff. This award will be paid from the settlement fund. The cost of administering this settlement will also be paid from the settlement fund.

Your individual settlement payment will not increase if the Court decreases the requested attorneys' fees and expenses or service award.

## 5.  WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

You give up your right to sue or file a lawsuit against Defendants and the other Released Parties (defined below) regarding the legal issues that were raised or could have been raised in this Lawsuit. Giving up your legal claims is called a "release." The Released Parties collectively include Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc., all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents (including consumer reporting agencies), employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. You will be releasing these Released Parties from any and all individual and/or class action, collective action or mass action, asserting any claims under the federal Fair Credit Reporting Act or any state and local law equivalent and any and all derivative claims arising during the period between April 1, 2013 and May 31, 2015. This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims. No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise to assert such Released Claims described in this Paragraph.

## 6.  HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**. Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], to:

> *Thomas v. Fresh Direct LLC, et al.*
> c/o Dahl Administration, LLC
> 6465 Wayzata Blvd., Suite 420
> Minneapolis MN 55426
> Telephone:  (952) 562-3600

## 7.    HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement.  To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE].  If you do not opt-out, you will be bound by the terms of the Settlement Agreement.  To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN *THOMAS V. FRESH DIRECT LLC*," postmarked no later than [INSERT BAR DATE].  You must include your name and address in the letter and sign it.  If you choose to opt-out, send your letter to:

> *Thomas v. Fresh Direct LLC, et al.*
> c/o Dahl Administration, LLC]
> 6465 Wayzata Blvd Suite 420
> Minneapolis MN 55426
> Telephone:  (952) 562-3600]

## 8.    WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Paragraph 9 below, you must first do so in writing.  Written objections must be mailed to the Claims Administrator at the address listed above in Paragraph 7.  The Claims Administrator will then file a copy of your objection with the Court and provide copies to Class Counsel and Defense Counsel.  Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *THOMAS v. FRESH DIRECT LLC*, Index No. 1:14-5101.  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing. Your objection must contain your name, address, telephone number, and email address (if you have one), and be personally signed by you.  If counsel represents you, the objection shall so state, and shall contain your counsel's name, address, telephone number, and email address.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The

Parties may file with the Court written responses to any filed objections. You cannot object to the Settlement and opt-out of the Settlement Class. If you opt-out, you have no basis to object because the case no longer affects you. You must submit a valid, timely claim form to object.

## 9. WHEN IS THE FINAL FAIRNESS HEARING?

A hearing before the Honorable Allyne R. Ross, U.S.D.J., will be held on _____ at _____ m. at the United States District Court Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you should contact the Claims Administrator.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

**EXHIBIT B-1 (2012-2013 Settlement Class)**
**INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM**

*Thomas v. Fresh Direct LLC, et al.*, 1:14-cv-5101 (ARR)
c/o Dahl Administration, LLC, 6465 Wayzata Blvd., Suite 420
Minneapolis MN 55426
Telephone:  (952) 562-3600

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN
THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE]**

| <u>CORRECTIONS OR ADDITIONAL INFORMATION</u> |
| --- |
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please legibly provide your name and address here:<br><br>_____<br><br>_____<br><br>_____<br><br>_____ |
| **Telephone Number:** |

The records of Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc. (collectively "Defendants") indicate that you were the subject of a background check report used by Defendants or on Defendants' behalf for an employment decision between August 27, 2012 and March 31, 2013.   Provided that you timely submit this Claim Form, and the settlement becomes final, you will receive a pro rata distribution of the net settlement funds not to exceed $150.00, as further described in the Notice of Class Action Settlement and Final Fairness Hearing that accompanies this Claim Form.

By signing this form, you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc., all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents (including consumer reporting agencies), employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action.   You will be releasing these Released Parties from any and all individual and/or class action, collective action or mass

action, asserting any claims under the federal Fair Credit Reporting Act or any state and local law equivalent and any and all derivative claims arising during the period between August 27, 2012 and March 31, 2013. This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims. No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise.

By signing this form, you declare under penalty of perjury under the laws of the State of New York that all information contained on this Claim Form is true and correct, and you have read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that you will receive.

Date: _____

_____
(Sign your name here)

_____
(Print your name here)

**EXHIBIT B-2 (2013-2015 Settlement Class)**
**INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM**

*Thomas v. Fresh Direct LLC, et al.*, 1:14-cv-5101 (ARR)
c/o Dahl Administration, LLC
6465 Wayzata Blvd., Suite 420
Minneapolis MN 55426
Telephone:  (952) 562-3600]

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN
THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE]**

| **CORRECTIONS OR ADDITIONAL INFORMATION** |
|---|
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please legibly provide your name and address here: |
| |

| **Telephone Number:** |
|---|

The records of Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc. (collectively "Defendants") indicate that you were the subject of a background check report used by Defendants or on Defendants' behalf for an employment decision between April 1, 2013 and May 31, 2015.   Provided that you timely submit this Claim Form, and the settlement becomes final, you will receive a pro rata distribution of the net settlement funds not to exceed $150.00, as further described in the Notice of Class Action Settlement and Final Fairness Hearing that accompanies this Claim Form.

By signing this form, you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against Fresh Direct LLC, Fresh Direct Holdings, Inc. and U.T.F. Trucking, Inc., all affiliated entities, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents (including consumer reporting agencies), employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action.   You will be releasing these Released Parties from any and all individual and/or class action, collective action or mass action, asserting any claims under the federal Fair Credit Reporting Act or any state and local

-8-

law equivalent and any and all derivative claims arising during the period between April 1, 2013 and May 31, 2015. This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Class Member Released Claims. No Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise.

By signing this form, you declare under penalty of perjury under the laws of the State of New York that all information contained on this Claim Form is true and correct, and you have read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that you will receive.

Date: _____          _____
                                 (Sign your name here)

                                 _____
                                 (Print your name here)

Firmwide:133817440.6 051456.1089