Case 1:14-cv-05101-ARR-CLP Document 48 Filed 01/26/16 Page 1 of 4 PageID #: 402

COURTESY COPY - ORIGINAL FILED BY ECF
ASSIGNED DOCKET NUMBER 45

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JAN 26 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

KEITH THOMAS Individually and on Behalf of All Other Persons Similarly Situated,

    Plaintiff,

v.

FRESH DIRECT, LLC, FRESH DIRECT HOLDINGS, INC., and U.T.F. TRUCKING, INC., Jointly and Severally,

    Defendants.

------------------------------------x

ECF CASE

No.: 1:14-cv-5101 (ARR) (CLP)

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR (1) CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, (2) APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND (3) APPROVAL OF THE SERVICE PAYMENT**

This matter came before the Court on the application of Plaintiff Keith Thomas and FreshDirect LLC, FreshDirect Holdings, Inc., and U.T.F. Trucking, Inc. ("Defendants") (collectively the "Parties") for final approval of the June 25, 2015 Settlement Agreement and General Release relating to the above-captioned class action. The Court having held a Final Fairness Hearing on January 26, 2016 at 10:00 a.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this 26th day of January, 2016

IT IS HEREBY ORDERED THAT:

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement.

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the

Settlement Class Members in accordance with Fed. R. Civ. P. 23(e). This Agreement is the product of arm's-length settlement negotiations.

3. The Settlement Notice given to the Settlement Class Members fully and accurately informed them of the proposed settlement, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the United States Constitution, and any other applicable laws, as appropriate.

4. Fourteen (14) Settlement Class Members properly and timely exercised their opt-out rights in this lawsuit. Under the Agreement, these Settlement Class Members are not deemed to have released or discharged the Released Parties from any and all Settled Claims.

5. Despite diligent efforts, neither the Parties nor the Claims Administrator, Dahl Administration LLC, could obtain full addresses for 226 Class Members and no Settlement Notice was mailed to them. They are thus deemed not to have released or discharged the Released Parties from any and all Settled Claims.

6. As of the date of this Order, and except as to any rights or claims the Agreement creates, the Named Plaintiff and all Settlement Class Members shall be deemed to have forever and fully released the Released Claims.

7. The Court grants Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses (Dkt. Nos. 41-42) and awards Class Counsel $57,330.00 in attorneys' fees: one-third of the 2012-2013 Class Members' $102,900 total individual payments (*i.e.*, $34,300.00) to be paid from the 2012-2013 Gross Settlement Sum; and one-third of the 2013-2015 Class Members' $69,100.00 total individual payments (*i.e.*, $23,030.00) to be paid from the 2013-2015 Gross Settlement Sum. The Court also grants Counsel $484.69 in reimbursable expenses. The fee

award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Class Counsel undertook in bringing the claims, and the work that Class Counsel will likely have to perform following the entry of this Order.

8. The Court grants Plaintiff's Motion for A Service Payment (Dkt. Nos. 43-44) and awards a $2,500.00 Service Payment to Plaintiff Keith Thomas from the Gross Settlement Sums. This Service Payment is reasonable in light of the efforts he has expended in furthering the Class Members' interests, and the risks he incurred by becoming and continuing as a litigant.

9. The following event series shall be followed in connection with distributing the Individual Payments to the Authorized Claimants:

   i. Within ten (10) calendar days of the Final Effective Date, the Claims Administrator shall provide written notice to Defendants and Class Counsel of the number of Authorized Claimants, the total amount to be distributed to the Authorized Claimants and Class Counsel, and the amount each Authorized Claimant will receive. Agreement ¶ 51.b.

   ii. Within twenty (20) calendar days of the Final Effective Date or ten (10) calendar days of the Claims Administrator providing the written notice set forth in paragraph 51.b. of the Agreement, whichever is later, Defendants shall remit to the Claims Administrator an amount equal to what is set forth in the written notice plus any additional amount necessary to cover the Settlement Expenses. Agreement ¶ 51.c.

   iii. Within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendants remitting the funds as set forth above in paragraph 51.c. of the Agreement, whichever is later, the Claims Administrator will distribute one check for each Authorized Claimant. Agreement ¶ 51.d.

   iv. The distribution of Counsel Fees, Counsel Costs and the Service Payment shall be made within thirty (30) calendar days of the Final Effective Date. Agreement ¶ 51.a.

10. The Court approves up to $19,460.21 to be paid from the Gross Settlement Sums to the Claims Administrator, Dahl Administration LLC, for its administration fee.

11. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

12. The Court hereby dismisses the above-captioned action in its entirety, with prejudice to Plaintiff Keith Thomas and the Authorized Claimants, and with no further award of attorneys' fees or costs or expenses, except as awarded herein

SO ORDERED:

Dated: Brooklyn, New York
January 26, 2016

/s/(ARR)
The Honorable Allyne R. Ross, U.S.D.J.